**Philip KRUPP and W.P.F. Inc.**

v.

**FEDERAL HOUSING ADMINISTRA-TION and Norman P. Mason, Federal Housing Commissioner.**

**Civ. A. No. 58–760.**

United States District Court
D. Massachusetts.

Dec. 10, 1959.

Anthony Brayton, Hale & Dorr, Boston, Mass., for plaintiff.

Anthony Julian, Andrew A. Caffrey, Asst. U. S. Atty., Boston, Mass., for defendant.

FORD, District Judge.

In this action both the Federal Housing Administration and Norman P. Mason, Federal Housing Commissioner, were named as defendants, and service was made on both defendants prior to January 29, 1959. On that date Mason ceased to be Federal Housing Commissioner. Plaintiffs did not within the next six months take any steps to substitute his successor in office in accordance with Rule 25(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The defendants move that the action be dismissed on this ground.[1]

---

1. Technically the motion does not state a ground for dismissal under Rule 25(d) since the six-month period allowed by that rule for substitution of a successor runs not from the time the original party ceases to hold office but from the time the successor takes office. However, under the view taken here that no substi-

■■ The question here is whether this is an action against an officer of the United States relating to the present or future discharge of his official duties which abates when he ceases to hold office unless in accordance with the rule his successor is properly substituted, Snyder v. Buck, 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15, or whether the action is really one against the other named defendant, the Federal Housing Administration, which is not affected by a change in the person holding the office of Commissioner.

The applicable statutory provisions governing the agency here involved are found in 12 U.S.C.A. § 1702 which provides:

"The President is authorized to create a Federal Housing Administration, all of the powers of which shall be exercised by a Federal Housing Commissioner * * * The Commissioner shall * * * be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal."

A strictly literal reading of the statute would require that any action be brought against the Commissioner. Such a requirement was rejected by the Supreme Court in Federal Housing Administration, Region No. 4 v. Burr, 309 U.S. 242, 249, 250, 60 S.Ct. 488, 492, 84 L.Ed. 724, where the Court said:

"There is some point made of the fact that suit was brought against the Federal Housing Administration rather than against the Administrator. But when the statute authorizes suits by or against the Administrator 'in his official capacity' we conclude that that permits actions by or against the Federal Housing Administration. The Administrator acts for and on behalf of the Federal Housing Administration,

since by express terms of the Act all powers of the latter 'shall be exercised' by him. Hence action by him in the name of the Federal Housing Administration would be action in his official capacity."[2]

The Federal Housing Administration, while not formally incorporated, has been treated as a government corporation. Garden Homes, Inc. v. Mason, 1 Cir., 238 F.2d 651. In an action such as this, whether the agency, the Commissioner, or both, are named as defendants, it is the agency which is the real party in interest. Seven Oaks, Inc. v. Federal Housing Administration, 4 Cir., 171 F.2d 947, 950. Thus the action differs in character from those found in the cases relied upon by defendant where the suit has a personal character as being brought against a public officer to compel personal performance of his official duties. Levine v. Folsom, 8 Cir., 268 F.2d 531; Hicks v. Summerfield, 104 U.S. App.D.C. 286, 261 F.2d 752; Poindexter v. Folsom, 3 Cir., 242 F.2d 516. In those cases the action being personal in character abates when the officer ceases to hold his official position, unless under statutory authority, and in accordance with the prescribed procedure, his successor in office is properly substituted.

Here the agency is the real party in interest, it is named as a defendant, and the action against it does not abate with a change in the person of the Commissioner. Substitution of a successor in office under Rule 25(d) was therefore unnecessary, and the motion for such substitution filed at the time of hearing will be denied.

Defendants' motion to dismiss is denied as to defendant Federal Housing Administration. The motion is allowed as to defendant Mason, since he is no longer even nominally concerned in the action. Plaintiffs' motion for substitution is denied.

tution of Mason's successor was required in any event, it is not necessary to determine when his successor did take office.

2. Prior to 1950 the Commissioner was designated as the Administrator.