99 N.J. Super. 355 (1968)
240 A.2d 25
CHRISTINE GURZO AND JAMES GURZO, PLAINTIFFS,
v.
GREGORY PARK, INC. AND/OR GREGORY PARK NO. 1 INC., PUBLIC SERVICE ELECTRIC & GAS COMPANY, A CORP. OF NEW JERSEY, FEDERAL HOUSING ADMINISTRATION AND FEDERAL HOUSING COMMISSIONER, PAUL N. BROWNSTEIN, J.I. KISLAK MANAGEMENT CORP., RECEIVER, CAULDWELL-WINGATE CO. INC., A FOREIGN CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, AND CITY OF JERSEY CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, JOINTLY, SEVERALLY OR IN THE ALTERNATIVE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 14, 1968.
*357 Mr. Donald F. Stevens for defendants Federal Housing Administration and Federal Housing Commissioner Paul N. Brownstein (Messrs. Beggans and Keale, attorneys).
Mr. Allan A. Horowitz for plaintiffs (Messrs. Schwartz, Horowitz & Krivitzky, attorneys).
LYNCH J.S.C.
Plaintiff[1] sustained injuries in a fall on a public sidewalk. She sues, among others, the Federal Housing Administration (hereinafter F.H.A.) and the Federal Housing Commissioner[2] (hereinafter Commissioner) charging that their negligence in maintaining the premises was a cause of her injuries and damages.
*358 Defendants F.H.A. and Commissioner move to dismiss the complaint as to them upon the ground that this court has no jurisdiction. It is their contention that exclusive jurisdiction resides in the United States District Courts under the Federal Tort Claims Act, particularly 28 U.S.C.A. § 1346(b) and § 2679. Plaintiff contends that pursuant to 12 U.S.C.A. § 1702, F.H.A. and Commissioner are subject to "be sued in any court of competent jurisdiction, State or Federal." Alternatively, plaintiff contends that if this suit is held to be cognizable within 28 U.S.C.A. § 1346(b), this court is not to be deprived of jurisdiction unless and until the United States, through the Attorney General, accepts responsibility for the suit and has the case removed to the United States District Court, all pursuant, so it is said, to paragraphs (c) and (d) of 28 U.S.C.A. § 2679. Plaintiff observes that there appears to be no precedent where a state court has dismissed an action such as this and upheld exclusive jurisdiction of the federal courts. Nor does there appear to be any state court decision to the contrary since the adoption of the Federal Tort Claims Act in 1946.
12 U.S.C.A. § 1702 reads:
"* * * The Commissioner [Federal Housing Commissioner] shall * * * be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal."
28 U.S.C.A. § 2679(a) provides:
"The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive."
It is defendants' contention that this negligence suit is one "cognizable under Section 1346(b)" within the meaning of 28 U.S.C.A. § 2679(a); that the amenability of the Commissioner to be sued under 12 U.S.C.A. § 1702, is thereby modified; that exclusive jurisdiction lies in the United *359 States District Courts under 28 U.S.C.A. § 1346(b), and that dismissal here must follow for lack of jurisdiction in this court.
28 U.S.C.A. § 1346(b), provides:
"Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."
First, plaintiff argues that section 1346(b) does not apply because the United States is not a defendant here,[3] but merely F.H.A. and the Commissioner are sued.[4]
F.H.A. is a federal agency and the Commissioner is a federal employee here sued in his official capacity. In Meyer Mfg. Co. v. Foley, Adm'r of Small Business Administration, 234 F. Supp. 732 (S.D. Iowa 1964), it was held that a suit against the Administrator was, in effect, a suit against the United States. The court said:
"Suits based upon acts allegedly committed by an agency or by one of its employees acting in an official capacity are maintainable, if at all, under the provisions of the Federal Tort Claims Act, and must name the United States as defendant. The Court finds that plaintiff's suit is cognizable under Title 28 U.S.C.A. § 1346(b) *360 and therefore plaintiff's exclusive remedy against an employee of the government is within the Federal Tort Claims Act."
In United States v. Waylyn Corp., 130 F. Supp. 783 (D.C. Puerto Rico 1955), affirmed 231 F.2d 544 (1 Cir. 1956), certiorari denied 352 U.S. 827, 77 S.Ct. 40, 1 L.Ed.2d 49 (1956), wherein the court dismissed a counterclaim against F.H.A., it was said: "The United States is * * * the real party in interest * * *." Suits against officials of the Government in their official capacity are suits against the United States. Seven Oaks, Inc. v. Federal Housing Administration, 171 F.2d 947 (4 Cir. 1948); Krug v. Fox, 161 F.2d 1013, 1018-1020 (4 Cir. 1947). Conversely, a claim belonging to F.H.A. is a claim of the United States and it may enforce it. United States v. Summerlin, 310 U.S. 414 60 S.Ct. 1019, 84 L.Ed. 1283 (1940). In Schetter v. Housing Authority of Erie, 132 F. Supp. 149 (D.C.W.D. Pa. 1955), a negligence action, the District Court dismissed the suit against F.H.A., holding that under the Federal Tort Claims Act the proper party was the United States. See also Garden Homes, Inc. v. Mason, 249 F.2d 71 (1 Cir. 1957), certiorari denied 356 U.S. 903, 78 S.Ct. 562, 2 L.E.2d 580. In Lomax v. United States, 155 F. Supp. 354 (D.C.E.D. Pa. 1957), the court after citing 28 U.S.C.A. § 2679, said:
"Thus there can be no question but that a suit arising under the Tort Claims Act must be brought against the United States and cannot be brought against the federal agency allegedly responsible for the tort. Schetter v. Housing Authority of City of Erie, D.C.W.D. Pa. 1955, 132 F. Supp. 149; Wickman v. Inland Waterways Corp., D.C. Minn. 1948, 78 F. Supp. 284."
Therefore, the fact that the United States is not a nominal party herein is immaterial. It is the real party in interest.
Prior to the enactment of the Federal Tort Claims Act in 1946, numerous governmental agencies were suable *361 in tort under statutory waivers of immunity such as provided in 12 U.S.C.A. § 1702, as to F.H.A. But congress may impose any conditions and restrictions upon such waiver as it may choose. United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940); Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633 (1938). Thus it was that it enacted §§ 2679[5] and 1346 (b) of the Federal Tort Claims Act in 1946, providing that the authorization to sue a federal agency shall not be construed to authorize suits against it for negligence caused by any employee of the Government while acting within the scope of his office or employment.
The Senate Committee report explained the purpose of § 2679:
"This section provides that after the effective date of the title, the authority of any Federal Agency to sue and be sued in its own name will no longer be applicable to torts cognizable under this title. This will place torts of `suable' agencies of the United States upon precisely the same footing as torts of `nonsuable' agencies. In both cases, the suits would be against the United States. * * * It is intended that neither corporate status nor `sue and be sued' clauses shall, alone, be the basis for suits for money recovery sounding in tort." Senate Report No. 1400, 79th Congress, 2d Sess., pp. 33-34 (1946).
Plaintiff cites Taylor v. New Jersey Highway Authority, 22 N.J. 454 (1956), which held that the Highway Authority was subject to suit in tort based on the statutory authorization that it may "be sued", as contained in N.J.S.A. 27:12b-5. That case held that the extent of waiver of immunity is determined by the intent of the Legislature. Of course, there was no limitation on the authorization that the New Jersey Highway Authority may be sued, such as exists under 28 U.S.C.A. § 2679(a) and § 1346(b) concerning federal agencies. The legislative intent that the authority to sue a federal agency is limited *362 by the Federal Tort Claims Act is clearly demonstrated by Senate Report No. 1400, 79th Congress, Second Session, pp. 33-34 (1946), and the other authorities cited above.
In any event, by its quotation from Taylor supra, at page 469, plaintiff points to several cases therein cited purportedly in support of its contention that a federal agency may be sued in tort. For example, Taylor cites the case of Herman v. Home Owners' Loan Corp., 120 N.J.L. 437 (Sup. Ct. 1938), affirmed 122 N.J.L. 94 (E. & A. 1939), which held that defendant there could be sued in tort. Herman, however, was decided in 1939, prior to the enactment of the Federal Tort Claims Act in 1946. The same is true of the other cases cited in that part of the Taylor opinion quoted by plaintiff, namely, Prato v. Home Owners' Loan Corporation, 106 F.2d 128 (1 Cir. 1939); Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939); Federal Housing Administration, Region No. 4 v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940), and Reconstruction Finance Corp. v. J.G. Menihan Corp., 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595 (1941). The case of Zins v. Justus, 211 Minn. 1, 299 N.W. 685 (Sup. Ct. 1941), was a decision of the state court of Minnesota which expressly held that F.H.A. was suable in a state court. Again, however, that decision was rendered before the enactment of the Federal Tort Claims Act.
The court therefore holds that it has no jurisdiction of this negligence suit against F.H.A. and the Commissioner, and that exclusive jurisdiction lies in the United States District Court under § 1346(b) of the Federal Tort Claims Act.
There remains for disposition plaintiff's argument, based on paragraphs (c) and (d) of 28 U.S.C.A. § 2679, that before jurisdiction may repose in the federal court, the United States through its Attorney General must assume responsibility for the action and remove the case to the District Court. In support, plaintiff cites Jarrell v. Gordy, 162 So.2d 577 (LA. Ct. App. 1964).
*363 Paragraphs (b) through (e) of 28 U.S.C.A. § 2679(a), read as follows:
"(b) The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.
(c) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.
(d) Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court.
(e) The Attorney General may compromise or settle any claim asserted in such civil action or proceeding in the manner provided in section 2677, and with the same effect."
The foregoing sections of § 2679 were enacted as an amendment to the Federal Tort Claims Act in 1961. Pub. L. 87-258, § 1; 75 Stat. 539. This amendment was directed solely to those tort claims arising out of negligent operation of motor vehicles by government employees while in performance *364 of their official duties. In Uptagrafft v. United States, 315 F.2d 200 (4 Cir. 1963), the court commented on the 1961 Amendment:
"* * * The express purpose of the amendments `is to provide a method for the assumption by the Federal Government of responsibility for claims for damages against its employees arising from the operation by them of vehicles in the scope of their Government employment.' Behind it is the desire to protect the government driver from the ever-present danger of personal liability and relieve him of the expense of supplying private liability insurance. Senate Report, 87th Congress, 2d Sess. (Aug. 1961) U.S. Code Cong. & Adm. News, p. 2784."
See also Perez v. United States, 218 F. Supp. 571 (S.D.N.Y. 1963).
Paragraphs (b) through (e) of § 2679, enacted together as the 1961 amendment, stand by themselves. Paragraph (b) defines the scope of the amendment and clearly refers only to negligence of government employees in operation of motor vehicles. The following paragraphs, (c), (d) and (e), clearly relate only to the same context. The necessity or desirability of protecting the government employee-driver has no relation to a suit against F.H.A. or its Commissioner. Here, as said above, the real party in interest is the United States. The driver of a government motor vehicle could be individually liable for his negligence under state law. To relieve that driver of the burdens thus imposed was the sole purpose of the 1961 amendment. Neither in terms nor purpose does it apply to the present suit, and we hold that it does not. Jarrell v. Gordy, supra, cited by plaintiff, was a suit against a driver of a government motor vehicle and therefore is not in point here.
NOTES
[1] Reference to plaintiff Christine Gurzo. Her husband sues per quod.
[2] 1967 amendment. Pub. L. 90-19 substituted "Department of housing and Urban Development" and "Secretary" for "Federal Housing Administration" and "Commissioner."
[3] The United States was originally named as defendant, but plaintiff stipulated that the suit against the sovereign be dismissed.
[4] Whether the agency, the Commissioner, or both are named as defendants, as between them, the agency is the real party in interest since all the powers of F.H.A. are exercised by the Commissioner. Krupp v. Federal Housing Administration and Mason, Com'r, 179 F. Supp. 209 (D.C. Mass. 1959); Federal Housing Administration, Region No. 4 v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940).
[5] Now § 2679(a).