No. 22092.

UNION PACIFIC RAILROAD COMPANY *v.* STATE OF COLORADO, ROBERT A. THEOBOLD, DIRECTOR OF REVENUE, AND TIM ARMSTRONG, STATE TREASURER.
(443 P.2d 375)

Decided July 15, 1968.

KNOWLES, HOPPER AND MOLEN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN E. BUSH, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THE parties appear here in the same order as they appeared in the trial court; and the plaintiff in error will be referred to as the plaintiff. The plaintiff filed its complaint on June 5, 1962, asking judgment for $1,541.59 plus interest as a refund of state income tax paid by it for the year 1956. Earlier plaintiff had filed with the Director of Revenue a claim for refund of the tax and the Director had taken no action thereon for a period exceeding six months. At the time the action was brought, Robert A. Theobold was Director of Revenue

of the State of Colorado and Tim Armstrong was State Treasurer of Colorado; and they and the State of Colorado were joined as defendants in the action.

The trial of the matter was delayed in view of the fact that the subject of the action and other matters were under discussion and it was thought that a settlement might be effected. Mr. Theobold and Mr. Armstrong were succeeded in their respective offices in January 1963. On July 26, 1965, the plaintiff filed a motion to substitute their successors in office as parties defendant. Simultaneously, the Attorney General filed a motion to dismiss the action under R.C.P. Colo. 25(d). The district court granted the motion to dismiss, not only as to the public officials but also as to the State of Colorado.

R.C.P. Colo. 25(d) provides as follows:

"(d) Public Officers; Death or Separation from Office. When any public officer is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it. Substitution pursuant to this rule may be made when it is shown by supplemental pleading that the successor of an officer adopts or continues or threatens to adopt or continue the action of his predecessor. Before a substitution is made, the party or officer to be affected, unless expressly assenting thereto, shall be given reasonable notice of the application therefor and accorded an opportunity to object."

The plaintiff urges: (1) That Rule 25(d) does not apply to this action; (2) that the Director of Revenue and State Treasurer are not necessary parties to the action and it could have been maintained, and should be allowed to proceed, solely against the State of Colorado; and (3) that the Director of Revenue and State Treasurer are not indispensable parties and as necessary

parties the present officeholders could and should be joined by order of the district court.

Plaintiff brought the action under C.R.S. '53, 138-1-39, as amended, which did not state that the Director of Revenue should be a party. The Attorney General maintains that C.R.S. '53, 138-1-35, as amended, and section 36, required the Director of Revenue to be a party and provided the exclusive remedy under which plaintiff might proceed. All of these statutory provisions were repealed in 1964. Colo. Sess. Laws 1964, Ch. 95; 1965 Perm. Supp., C.R.S. 1963, 138-1-1 *et seq.* In the light of the disposition we are making of this matter, we make no determination with respect to the Attorney General's position.

In support of its proposition that Rule 25 (d) does not apply to this action, plaintiff cites *Fleming v. Goodwin,* 165 F.2d 334, *cert. denied,* 334 U.S. 828, 68 S.Ct. 1338, 92 L.Ed. 1755, and *Krupp v. Federal Housing Administration,* 179 F.Supp. 209. *Fleming* involved an action brought by the Price Administrator. He resigned and his successor was not substituted within the time required by former Rule 25 (d) of the Federal Rules of Civil Procedure. It was held that the rule did not apply to actions brought on behalf of the Government and its purpose was rather to prevent actions brought against public officers from abating. In *Krupp* it was held that, although the Federal Housing Commissioner was named as a defendant, the suit did not abate by reason of the failure to substitute a successor in office, since in reality the suit was against the agency itself. More in point here is *Snyder v. Buck,* 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15. This was an action to compel the defendant Paymaster General of the Navy to pay plaintiff a widow's allowance. The widow recovered judgment and while the matter was pending on appeal the Paymaster General retired and his successor in office was not substituted. It was held that the action abated. After reading a number of cases on the subject, we are inclined to agree with the

statement by Mr. Justice Frankfurter in his dissent in that case: " \* \* \* the state of the law regarding litigation brought formally against an official but intrinsically against the Government is \* \* \* compounded of confusion and artificialities \* \* \*."

Only the Director of Revenue could make a determination with respect to the claim for refund. Only the Director of Revenue could reverse the determination of rejection of the claim made by him or his predecessor in office. If plaintiff had obtained judgment, only the Director of Revenue could issue the voucher under which the judgment would be satisfied. C.R.S. '53, 138-1-40, as amended. It seems to us, therefore, that, if the Director of Revenue was not an indispensable party, he was a necessary party. See R.C.P. Colo. 19. Whether an indispensable party or a necessary party, we interpret Rule 25 (d) to require that, in order to prevent dismissal of the action, within six months following Mr. Theobold's relinquishment of office his successor had to be substituted as a party under order of court made after notice given to or assent by the successor and after a finding by the court that there is a substantial need for a continued maintenance of the action. The fact that the court can bring in a necessary party does not alter the effect of Rule 25 (d) under the particular circumstances therein set forth.

The following is from *Bach v. Schooley*, 155 Colo. 30, 392 P.2d 649:

"As was said by the court in *Bowles v. Wilke*, 175 F. (2d) 35, in commenting on this rule as then existing in the Federal court — identical with the Colorado rule — ' \* \* \* we are not justified in saying that the six months substitution provision was intended as a gesture of futility. The rule clearly applied, it was not complied with, and so the action abated.' (Certiorari denied 338 U.S. 861, 70 S.Ct. 104, 94 L.Ed. 528.)"

The plaintiff contends that it has a common law right to maintain this action solely against the State of

Colorado. The basis of the plaintiff's claim for refund was that it had concluded that it should have claimed a larger charitable deduction in its 1956 income tax return. Under such circumstances we agree with the Attorney General that there is no common law right to refund in such a situation and the right must arise by statute. See *National State Bank of Boulder v. State,* 156 Colo. 34, 396 P.2d. 948, and *Stephens and Co. v. Board,* 104 Colo. 556, 92 P.2d 732.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE not participating.