MARÍA LUISA PUJOLS VDA. DE GERENA, demandante y recurrente, *v.* UNITED STATES DEPARTMENT OF AGRICULTURE ET ALS., demandados y recurridos.

*Número:* R-76-184          *Resuelto:* 15 de noviembre de 1976

*Wilfredo Pérez Candelaria, Eugenio Alemañy Fernández* y *Nicanor Laguillo Rodríguez,* abogados de la recurrente; *Julio Morales Sánchez, Fiscal Federal,* y *Jesús A. Castellanos, Fiscal Federal Auxiliar,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

En su demanda ante el Tribunal Superior (Mayagüez) reclamando daños y perjuicios del Departamento de Agricultura de los Estados Unidos y de su empleado Cecil D. Burger, alega María Luisa de Gerena que mientras se hallaba estacionada en su vehículo frente a un semáforo esperando cambio de luz, fue impactada por la parte posterior por un automóvil Plymouth propiedad del Departamento de Agricultura Federal conducido por su empleado Burger. Se da como fecha del accidente la del 13 de marzo de 1973 y la demanda se presenta en Mayagüez el 12 de marzo de 1974. Se libran emplazamientos pero éstos no fueron diligenciados hasta el 28 de octubre de 1975 el correspondiente al Departamento de Agricultura Federal, en la persona del Director del Instituto Mayagüezano de Agricultura Tropical; y el 17 de noviembre de 1975 el correspondiente al empleado Burger en las personas de un abogado y una secretaria de dicho Departamento. Mientras demoraba la diligencia del emplaza-

miento la demandante presentó acción civil el 13 de marzo de 1975 por los mismos hechos en la Corte Federal, contra el Gobierno de los Estados Unidos, al amparo del *Federal Tort Claims Act* (28 U.S.C.A. secs. 1346(b) y 2679(b)) que fue desestimada el 13 de agosto de 1975 por no haber la actora cumplido con el previo requisito jurisdiccional de radicar una reclamación administrativa válida como exige 28 U.S.C.A. sec. 2675(a) y por haber prescrito su acción contra los Estados Unidos. *De Gerena* v. *United States,* 398 F.Supp. 93— D.C. P.R.—(1975). Obtenida sentencia en la jurisdicción federal, el fiscal de dicha corte solicitó la desestimación de la demanda pendiente en el Tribunal Superior de Mayagüez fundada en que la jurisdicción para conocer de esta acción civil es exclusiva de la Corte Federal toda vez que por disposición de la citada Sec. 1346(b) del *Federal Tort Claims Act* la misma se reduce a un pleito en que el único demandado efectivo es el Gobierno de los Estados Unidos, impugnando además la suficiencia del emplazamiento. El Tribunal Superior acogió el planteamiento y desestimó por falta de jurisdicción.

Recurrió en revisión la demandante y en su solicitud se allana a la desestimación respecto al demandado Departamento de Agricultura Federal admitiendo que "la sección 1346(b) del Título 28 del Código de los Estados Unidos en forma clara y expresa concede jurisdicción exclusiva a los Tribunales de Distrito Federal [*sic*] en acciones de daños dirigidas contra el Gobierno de los Estados Unidos de América." *Ibid,* pág. 2. Solicitó, no obstante, la revocación del fallo desestimatorio en cuanto al empleado codemandado Burger alegando que en lo relativo a éste la jurisdicción federal no es exclusiva, y que sólo si el Gobierno federal aceptara asumir responsabilidad por su empleado procedería el traslado a la Corte de los Estados Unidos, pero nunca la desestimación del pleito. Sin embargo, una vez expedido el auto, la recurrente se retractó de su posición original e in-

siste en que el Tribunal Superior asuma jurisdicción también sobre el Gobierno de los Estados Unidos como dueño del vehículo causante del daño bajo la norma de responsabilidad contenida en la sec. 13-101 de la Ley de Tránsito. (¹) (9 L.P.R.A. sec. 1751.)

■ El Tribunal General de Justicia de Puerto Rico carece de jurisdicción para conocer de y adjudicar este pleito en cuanto concierne al Departamento de Agricultura Federal, agencia sin personalidad jurídica propia del Gobierno de los Estados Unidos. Al dar su consentimiento para ser demandado el Gobierno Federal lo sujetó a la disposición de que las acciones civiles en su contra se promuevan exclusivamente en las cortes federales (²) 28 U.S.C.A. sec. 1346 (b). Dicha

---

(¹) "Sec. 1751. Responsabilidad de dueños de vehículos de motor cuando medie culpa o negligencia

"El dueño de cualquier vehículo de motor será responsable de los daños y perjuicios que se causen mediante la operación de dicho vehículo, interviniendo culpa o negligencia, cuando el referido vehículo sea operado o esté bajo el control físico y real de cualquier persona que, con el fin principal de operarlo, o de hacer o permitir que el mismo sea operado por tercera persona, obtenga su posesión mediante la autorización expresa o tácita del dueño. En todo caso se presumirá, salvo prueba en contrario, que la persona que opera o tiene bajo su dominio o control un vehículo de motor, ha obtenido su posesión con la autorización de su dueño, con el fin principal de operarlo, o de hacer o permitir que el mismo sea operado por tercera persona.

"La persona por cuya negligencia haya de responder el dueño de un vehículo de acuerdo con las disposiciones del párrafo anterior vendrá obligada a indemnizar a éste."

(²) Ordena el artículo relativo a jurisdicción del *Federal Tort Claims Act:*

".   .   .   .   .   .   .   .

"(b) Subject to the provisions of Chapter 171 of this title, the district courts, together with the United Sates District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. sec. 1346 (b).

jurisdicción exclusiva no se afecta porque la acción se traiga bajo un estatuto general de negligencia como el Art. 1802 del Código Civil, o uno especial como la Ley de Tránsito.

■ Tiene aspectos más complicados la jurisdicción sobre el conductor empleado federal Burger, pero la propia demandante los ha despejado al alegar afirmativamente en el párrafo tercero de su demanda que aquél "se encontraba al momento del accidente en gestiones de su empleo." En 1961([3]) la Sec. 2679(b) del Título 28 del Código Federal fue enmendada para conceder inmunidad contra acciones por daños al empleado federal envuelto en un accidente de automóviles en el curso de su empleo. Ahora el Gobierno Federal asume responsabilidad por su empleado y la acción contra el Gobierno bajo el *Federal Tort Claims Act* constituye el único y exclusivo remedio del perjudicado para recobrar daños, si concurre el requisito indispensable de que el empleado causante del daño se hallaba en gestiones oficiales. *Gustafson* v. *Peck*, 216 F.Supp. 370 (1963); *Henderson* v. *United States*, 429 F.2d 588, 590 (1970); *Meeker* v. *United States*, 435 F.2d 1219, 1221 (1970). El propósito de la enmienda de 1961 fue quitar de los hombros del empleado en gestiones oficiales los riesgos, inconvenientes y carga económica que conlleva la res-

---

([3]) Antes de la enmienda de 1961 al F.T.C.A. el empleado del Gobierno Federal que causaba daños mientras conducía un vehículo de motor en funciones de su empleo podía ser demandado en su capacidad personal en las cortes estatales. 14 Wright, Miller & Cooper, *Federal Practice & Procedure*, sec. 3658, págs. 228–229; *Gustafson* v. *Peck*, 216 F.Supp. 370, 372–373 (1963); *Gurzo* v. *Gregory Park, Inc.*, 240 A.2d 25, 31 (1968); *Smith* v. *United States*, 328 F.Supp. 1224, 1225 (1971). Según enmendada, la referida sección ordena:

"       .       .       .       .       .       .       .       .

"(b) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim." 28 U.S.C.A. sec. 2679(b), Supto.

ponsabilidad personal por daños mientras conduce un vehículo de motor. Fue tan manifiesta y clara la intención del Congreso de sustituir el Gobierno en lugar del empleado en estos casos que se rechazó una enmienda disponiendo que aquellas acciones iniciadas en las cortes estatales contra el empleado federal en su capacidad personal, no podrían ser trasladadas a la corte federal sin el consentimiento del demandante. (1961 (2) *U.S. Code Congressional & Administrative News*, pág. 2784 y ss.) El comienzo de la acción en la corte estatal contra el empleado como individuo particular no logra evadir el propósito del estatuto y los requisitos jurisdiccionales allí dispuestos. *Meeker* v. *United States*, supra.

■ Ahora bien, el pleito iniciado en la corte estatal prosigue y el empleado federal no queda relevado de responsabilidad hasta que los Estados Unidos no la asumen expresamente y promueven el traslado a la Corte Federal. *Jarrell* v. *Gordy*, 162 So.2d 577, 584 (1964). En los casos apropiados el fiscal expide la certificación de hallarse el empleado en el curso del empleo y obtiene de la Corte Federal la orden para el traslado del pleito a ésta. 28 U.S.C.A. sec. 2679 (c) y (d). La demandante en el caso de autos hizo innecesaria esa determinación porque aseveró en su demanda que Burger causó el accidente hallándose en "gestiones de su empleo." Esta admisión y la previa desestimación del pleito en la jurisdicción federal convierten en fútil el procedimiento ortodoxo de solicitar traslado a la Corte Federal, en lugar de pedir la desestimación de la demanda como actuó el fiscal de los Estados Unidos. No tiene sentido seguir una ruta procesal formal más larga cuando el traslado a la Corte Federal producirá inevitablemente la misma desestimación de la acción civil ordenada por el Tribunal Superior de Mayagüez, pues ya el caso tuvo una adjudicación final en aquella jurisdicción. *Confirmada.*