Luis Antonio Vázquez Negrón, por sí y en representación de su esposa Yolanda Ortiz Cartagena y sus hijos menores Luis Antonio y Juan Luis, éstos de apellidos Vázquez Ortiz, etc., et al., demandantes y recurrentes, *v.* El Departamento de Salud del E.L.A. de Puerto Rico y Otros, demandados y recurridos.

*Número:* R-80-88 *Resuelto:* 16 de junio de 1982

en el momento en que se desarrolló el incidente en el cuartel, abonarían a la determinación final sobre credibilidad.

*Samuel Gracia Gracia*, abogado de los recurrentes; *Rafael Pont Marchese*, abogado de los recurridos Dr. Francisco Beauchamp, Dr. José L. Morales y del Estado Libre Asociado de Puerto Rico; *Ángel R. De Corral*, abogado del recurrido Dr. Carlos E. Burgos Peña; *Darío Padín Mimoso*, abogado de la recurrida Administración del Fondo de Compensación al Paciente; y *Luis M. Angelet Frau*, abogado del recurrido Dr. Alfonso Serrano Vázquez.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El esposo, los hijos menores, los padres y los hermanos de Yolanda Ortiz Cartagena instaron demanda de daños y perjuicios por impericia profesional contra el Estado Libre Asociado de Puerto Rico y varios médicos, entre ellos, Alfonso Serrano Vázquez, Francisco Beauchamp y José L. Morales. Se alega en la demanda que con motivo de un procedimiento de diagnóstico bajo anestesia general, la paciente Yolanda Ortiz Cartagena sufrió una hipoxia encefalopática[1] que le causó daños permanentes en el cerebro y la mantiene en estado cuasivegetal.

El médico Alfonso Serrano Vázquez solicitó que se dictara sentencia sumaria que desestimara la demanda en cuanto a él, en vista de que el daño ocurrió mientras se desempeñaba en funciones de su empleo como médico del Estado Libre Asociado. Invocaba la inmunidad que el Art. 41.080 —26 L.P.R.A. sec. 4108— brinda a los médicos que trabajan para el gobierno. El tribunal de instancia denegó la moción y el médico Serrano Vázquez recurrió ante nos. *Vázquez Negrón* v. *E.L.A.*, 109 D.P.R. 19 (1979).

[1] Es una condición que describe la falta de oxígeno en los tejidos del cerebro.

En esa ocasión resolvimos que la inmunidad que otorga el Art. 41.080 contra demanda por daños y perjuicios por servicios profesionales negligentemente prestados, cobija únicamente a aquellos médicos que trabajan *exclusivamente* para el Gobierno de Puerto Rico.[2] Como el recurrente Serrano Vázquez, además de trabajar para el gobierno, también ejercía privadamente su profesión, no estaba protegido por tal inmunidad. Devolvimos el caso para la continuación de los procedimientos.

Una vez el pleito prosiguió su curso, los médicos Francisco Beauchamp y José L. Morales presentaron una moción de sentencia sumaria en la que solicitaron la desestimación de la demanda en cuanto a ellos, porque al producirse el evento dañoso trabajaban exclusivamente para el Estado. Los demandantes se opusieron por los mismos fundamentos de inconstitucionalidad que han reproducido ante nosotros. El tribunal de instancia rechazó el ataque y desestimó la demanda en cuanto a ellos. Accedimos a revisar.

El Art. 41.080 de la Ley sobre Responsabilidad Profesional Médico-Hospitalaria dispone en parte, que "[n]ingún profesional en el cuidado de salud podrá ser incluido como parte demandada en una demanda de daños por culpa o negligencia que cause en el desempeño de su profesión mientras dicho profesional en el cuidado de salud actúe en cumplimiento de sus deberes y funciones como empleado del Estado Libre Asociado de Puerto Rico, sus dependencias, instrumentalidades y municipios".

 Esta disposición especial alteró significativamente el esquema de responsabilidad del Estado y del empleado público, estatuido en la Ley de Pleitos contra el Estado. Ley Núm. 104 de 29 de junio de 1955 (32 L.P.R.A. sec. 3077 *et seq.*). A tenor con esta última, el Estado consintió en ser

---

[2] Según advertimos en *Vázquez Negrón*, supra, pág. 23, en 1978 se enmendó la ley con el propósito de extender la inmunidad a aquellos médicos que, aunque no trabajen exclusivamente para el Estado, hubiesen incurrido en la conducta por la cual se reclama en el curso de sus funciones como empleados del gobierno.

demandado por los daños y perjuicios causados por actuaciones culposas o negligentes de sus agentes o empleados en el descargo de sus funciones oficiales, pero no prohibió que, en la alternativa, se demandara al agente o funcionario directamente. No obstante, la Ley de Pleitos contra el Estado sí proscribió la acción directa contra el agente o empleado público una vez se dicte sentencia contra el Estado y viceversa. *Vda. de Valentín* v. *ELA*, 84 D.P.R. 112, 120 (1961). Como se ve, el reclamante puede optar entre recobrar directamente del empleado o recobrar del Estado, pero no puede recobrar simultáneamente de ambos.[3] En última instancia, en la Ley de Pleitos contra el Estado estamos ante un caso de inmunidad condicionada del funcionario, agente o empleado público.

■ El Art. 41.080, por el contrario, reconoce inmunidad plena e incondicional a los profesionales en el cuidado de la salud, que, al ocasionar un daño por su culpa o negligencia, se hallaren en el curso de su empleo con el Estado. En estas circunstancias el Gobierno ha asumido toda la responsabilidad que generen los actos culposos o negligentes de estos empleados, librándolos de este modo de todas las vicisitudes que supone una reclamación civil por daños en su contra y ha dispuesto como remedio exclusivo del perjudicado la acción en daños contra el Estado.[4]

Los demandantes retoman el argumento presentado por el médico demandado en la primera ocasión que estuvo el

[3] *Quaere* si el Estado y el empleado causante del daño pueden acumularse como demandados en el mismo pleito, a tenor con las Reglas de Procedimiento Civil, no obstante lo expresado en el tercer escolio en *Vda. de Valentín* v. *ELA*, 84 D.P.R. 112 (1961).

[4] Este nuevo esquema de responsabilidad gubernamental que excluye todo reclamo contra el funcionario individualmente, es análogo al establecido por el Congreso de Estados Unidos en el *Federal Tort Claims Act*, 28 U.S.C.A. sec. 1346(b), mediante el cual el gobierno federal asume toda la responsabilidad por sus empleados y establece como único y exclusivo remedio del perjudicado la demanda en daños contra el gobierno de Estados Unidos, si concurre el requisito indispensable de que el empleado causante del daño se hallaba en gestiones de su empleo. Véase, *Vda. de Gerena* v. *U.S.D.A.*, 105 D.P.R. 309 (1976).

caso ante nosotros e insisten en que el Art. 41.080 es inconstitucional por cuanto otorga inmunidad únicamente a los médicos que laboran con el Estado y no a los demás. En dicha ocasión dijimos:

> . . . El planteamiento es inmeritorio. No se trata aquí de una clasificación de las llamadas sospechosas que requieren un escrutinio particularmente acucioso para determinar su procedencia. *Zachry International* v. *Tribunal Superior*, 104 D.P.R. 267, 276 *in fine et seq.* (1975); *Wackenhut Corp.* v. *Rodríguez Aponte*, 100 D.P.R. 518, 531 (1972). En cambio, resulta evidente que merecen mayor protección aquellos médicos cuyos ingresos se circunscriben al sueldo con que puede compensarlos el tesoro público. L.A. Tribe, *American Constitutional Law*, Mineola, N.Y., 1978, sec. 16.4. Se trata, pues, de una clasificación razonable que obedece al principalísimo propósito estatal de enfrentarse a los serios problemas que ponen en riesgo la salud pública. Ver *Legislative Purpose, Rationality and Equal Protection*, 82 Yale L.J., 123 *et seq.* (1972). *Vázquez Negrón* v. *E. L. A.*, supra, págs. 25–26.

■ Los demandantes no han aducido ningún fundamento adicional lo suficientemente persuasivo como para que resolvamos el asunto de forma distinta. Ni la inmunidad condicionada de la Ley de Pleitos contra el Estado ni el Art. 41.080 en cuestión vulneran derecho constitucional alguno de quien reclama resarcimiento del Estado.

Por último, los recurrentes impugnan la constitucionalidad de los límites máximos de responsabilidad del Estado ($15,000 y $30,000) que dispone la Ley de Pleitos contra el Estado. Fue resuelto favorablemente a la posición de los recurrentes en *Torres* v. *Castillo*, 111 D.P.R. 792 (1981).

*Por los fundamentos que anteceden se confirmará la sentencia recurrida.*

El Juez Asociado Señor Negrón García concurre en el resultado sin opinión.