242 F.2d 28
 Alfred H. ADLER, Appellant,
v.
Herbert C. BROWNELL, Attorney General of the United States,
Joseph Swing, Commissioner of Immigration and Naturalization Service, et al., and
National Surety Corporation, Appellees.
 No. 13240.
 United States Court of Appeals District of Columbia Circuit.
 Argued January 28, 1957.
 Decided February 14, 1957.
 
 Mr. Alfred H. Adler, New York City, appellant, pro se.
 Mr. John W. Kern, III, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll, Asst. U. S. Atty., and Robert L. Toomey, Asst. U. S. Atty., at the time brief was filed, were on the brief, for appellees, Brownell and Swing, et al. Mr. Leo A. Rover, U. S. Atty., at the time record was filed, also entered an appearance for appellees, Brownell and Swing, et al.
 Messrs. Arthur C. Bailey, Bernard J. Gallagher and J. Roy Thompson, Jr., Washington, D. C., entered appearances for appellee, National Surety Corp.
 Before BAZELON, FAHY and BASTIAN, Circuit Judges.
 FAHY, Circuit Judge.
 
 
 1
 Appellant became the husband of an alien while she was in this country in the status of a visitor. When she entered the country she gave an alien entry bond conditioned upon her departure from the United States by April 14, 1950, which did not occur. Subsequently her status in the United States was regularized, but the condition of the bond was declared breached. The surety thereafter paid the amount of the bond, $500, to the United States, followed by the suit of the husband against the Attorney General of the United States, the Commissioner of the Immigration and Naturalization Service and the District Director of the Service for the District of New York. The husband's financial interest arose through his posting with the surety, as collateral, a sum equal to the amount of the bond. In his complaint[1] he prays for reinstatement of the bond, vacation of its forfeiture, and an order that the Treasurer of the United States, or the New York District Director, refund the $500 collected from the surety.
 
 
 2
 The District Court granted appellees' motion for summary judgment against the husband. In this court for the first time appellees urge that the complaint should have been dismissed as a suit against the United States to which it is not a party and to which it has not consented. Since this is the sort of jurisdictional question which may be raised at any time, we consider it.
 
 
 3
 The complaint seeks a determination of the right of the United States to retain funds claimed by it and in its possession. To litigate such a matter to a conclusion it would be indispensable that the United States be made a party defendant and also that the United States consent to be sued. State of Minnesota v. United States, 305 U.S. 382, 386, 59 S.Ct. 292, 83 L.Ed. 235; Mine Safety Appliances Co. v. Forrestal, 326 U.S. 371, 375, 694, 66 S.Ct. 219, 90 L.Ed. 140. The Administrative Procedure Act[2] does not dispense with these requirements. And since the United States was not made a defendant we cannot consider the suit as one brought under the Tucker Act, 28 U.S.C. § 1346(a) (1952), which provides the necessary consent in instances therein enumerated. The suit, therefore, is in effect one against the United States to which it has neither been made a party nor consented. For these reasons, notwithstanding the appealing arguments appellant makes against the forfeiture, the complaint must be dismissed as not bringing the case within the decisional jurisdiction of the District Court.
 
 
 4
 The judgment against the appellant will be vacated and the case remanded for dismissal of the complaint.
 
 
 5
 It is so ordered.
 
 
 
 Notes:
 
 
 [1]
 Appellant denominated the complaint as a Petition to Review
 
 
 [2]
 60 Stat. 243 (1946), 5 U.S.C. § 1009 (1952), 5 U.S.C.A. § 1009