MEYER MFG. CO., Plaintiff,

v.

Eugene P. FOLEY, Administrator, Small Business Administration, an agency of the United States, and Crow Implement Company, Defendants.

Civ. No. 6–1547–C.

United States District Court
S. D. Iowa,
Central Division.

Oct. 12, 1964.

Xen Q. Lindel, Garten, Lindel & Garten, Des Moines, Iowa, for plaintiff.

Donald A. Wine, U. S. Atty., Des Moines, Iowa.

Robert N. Johnson, Atty., Chicago, Ill., for defendant.

STEPHENSON, Chief Judge.

This matter is now before the Court upon the motion of the defendant, Eugene P. Foley, Administrator of the Small Business Administration, an agency of the United States, to dismiss.

The Small Business Administration is a federal agency, and Eugene P. Foley, as Administrator of that agency, is a federal employee. Plaintiff complains of an act of conversion apparently committed by Foley or by one of his agents. There is no allegation that Foley, individually, exceeded the Statutory limitations on his power, and there is no claim that any action of his constituted an unconstitutional taking of property. Therefore, the Court finds that plaintiff has sued Foley in his official capacity which is, in effect, a suit against the United States.

Suits based upon acts allegedly committed by an agency or by one of its employees acting in an official capacity are maintainable, if at all, under the provisions of the Federal Tort Claims Act, and must name the United States as defendant. The Court finds that plaintiff's suit is cognizable under Title 28 U.S.C.A. § 1346(b) and therefore plaintiff's exclusive remedy against an employee of the government is within the Federal Tort Claims Act. Title 28 U.S.C.A. § 2679. § 1346(b) provides in pertinent part:

"Subject to the provisions of Chapter 171 of this title, the district courts, * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for * * * loss of property, * * * caused by the * * * wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Plaintiff insists that his complaint is against Foley individually. But, having found that plaintiff's only remedy is an action against the United States because of the provisions of Section 2679 of the Federal Tort Claims Act, it follows that plaintiff's present action cannot be maintained against Foley. Plaintiff's complaint, as it stands, neither gives this Court jurisdiction, nor does it state a claim upon which relief can be granted, and it must be accordingly dismissed. Handley v. Tecon Corp., 172 F.Supp. 565 (N.D.N.Y.1959); Jacobsen v. United

States, 160 F.Supp. 491 (1958); Lomax v. United States, 155 F.Supp. 354 (1957).

The Court finds the present case as to the defendant Crow Implement Company should be remanded to the District Court of the State of Iowa, in and for Polk County. This Court has no jurisdiction of the subject matter of plaintiff's action against this defendant.

It is ordered that the motion of Eugene P. Foley, Administrator, Small Business Administration, an agency of the United States, to dismiss be granted.

It is further ordered that plaintiff's action as against Eugene P. Foley, Administrator, Small Business Administration, an agency of the United States, be and it is hereby dismissed at plaintiff's costs.

It is further ordered that plaintiff's action as against the defendant Crow Implement Company be and it is hereby remanded to the District Court of Iowa, in and for Polk County.

Remanded.