**Fred A. JEWELL, Plaintiff-Appellant,**

v.

**CITY OF COVINGTON, GEORGIA, et al.,**
**Defendants-Appellees.**

No. 28089
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 20, 1970.

Rehearing Denied May 19, 1970.

Robert W. Allen, Covington, Ga., for plaintiff-appellant.

R. P. Campbell, Covington, Ga., for defendants-appellees.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

■ This is an appeal from an order of the United States District Court for the Northern District of Georgia granting defendant-appellee's motion to dismiss the suit.[1] Plaintiff-appellant alleged in his complaint that appellee wilfully and arbitrarily refused to furnish his business with electricity, thereby forcing him to sell the business and lose income therefrom. He based his claim for relief on the fourteenth amendment and on 28 U.S.C. § 1343(3). The district court found that appellant had failed to state a claim, and therefore granted appellee's motion to dismiss.

■ 28 U.S.C. § 1343(3) merely gives the district court original jurisdiction in certain cases where plaintiff has been deprived of "any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." This, then, is a jurisdictional statute and does not create any substantive rights.

■ Therefore, appellant's only proper claim is that based on the fourteenth amendment. Appellant argues that he was deprived of due process of law because the City of Covington arbitrarily, capriciously deprived him of electricity for his business, thus forcing him to give up his livelihood. The fourteenth amendment, of course, applies only to state action. The district court found,

and the record indicates, that appellant made no allegation to bring his complaint within the scope of protection of the fourteenth amendment. He did not allege that the building code requirements of appellee were unreasonable. Nor did he adequately allege that appellee acted arbitrarily. Indeed, the complaint shows that appellant was notified that his electrical system did not meet the city's requirements, and that he was notified by letter on at least one subsequent occasion that electrical service to his place of business would be discontinued unless the deficiencies were corrected. The deficiencies were not corrected and almost three months later the electrical service was discontinued. In short, there was no allegation that appellee's requirements concerning electrical wiring were unreasonable and no allegation that appellant conformed to appellee's requirements but was arbitrarily denied electricity even though he had met the requirements.

■ Although federal courts are liberal in their pleading practices, it is still the rule that a general allegation of jurisdiction must be borne out by a well-pleaded claim. See Birnbaum v. Trussel, 2d Cir. 1965, 347 F.2d 86. General conclusionary allegations unsupported by facts are insufficient to constitute a cause of action. See Hoffman v. Halden, 9th Cir. 1959, 268 F.2d 280. The complaint in the present case alleged or set out no facts showing that defendants violated any of appellant's constitutional or federally protected rights. The complaint simply failed to adequately state a cause of action, and therefore dismissal of the complaint was proper.

Affirmed.

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.