**ADVANCE LABOR SERVICE, INC.,**
**Plaintiff,**

**v.**

**HARTFORD ACCIDENT AND INDEM-**
**NITY COMPANY, Defendant.**

**No. 71 C 557.**

United States District Court,
N. D. Illinois, E. D.

Jan. 3, 1973.

Hollobow, Warren, Taslitz & Grombacher, Chicago, Ill., for plaintiff.

Hackbert, Rooks, Pitts, Fullagar & Poust, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion to dismiss Count V of the Amended Complaint.

The plaintiff is Advance Labor Services, Inc. ("Advance"), an Illinois corporation engaged in the business of providing temporary employees to various employers throughout Illinois. The defendant is Hartford Accident and Indemnity Company ("Hartford"), a Connecticut corporation having its principal place of business in a state other than the State of Illinois. The amount in controversy exceeds $10,000, exclusive of interest and costs. Jurisdiction is thus properly based upon diversity of citizenship, 28 U.S.C. § 1332.

The following facts are relevant to the proper disposition of the instant motion. In early 1969, Advance having been refused workmen's compensation and occupational disease insurance by at least three different insurance carriers, went into Illinois' "assigned risk pool". Pursuant to Ill.Rev.Stat. ch. 73 § 1083, the Illinois Industrial Commission selected Hartford as Advance's carrier for such insurance. Under § 1083 Hartford was obligated to offer Advance a "standard policy" containing "only the usual and customary provisions found in such policies" and covering:

" . . . the entire liability of [Advance] to pay compensation to employees under both the Workmen's Compensation Act and Workmen's Occupational Diseases Act as respects the entire business operations of [Advance] within this State."

Under the Illinois Workmen's Compensation Act, where an employer loans the services of his employee to another, both the loaning employer and the borrowing employer are liable for injuries sustained by a loaned employee, Ill.Rev.Stat. ch. 48 § 138.1(a)(4). Thus, if an Advance employee sustains a compensable injury while working for a customer of Advance, both Advance and the customer would be jointly and severally liable for benefits under the Act. However, § 138.1(a)(4) further provides that:

" . . . such loaning employer is in the absence of agreement to the contrary entitled to receive from such borrowing employer full reimbursement for all sums paid or incurred pursuant to this paragraph . . ."

From Advance's viewpoint, a desirable feature of any Workmen's Compensation Insurance policy would be a waiver of subrogation by the carrier against borrowing employers for compensable in-

juries sustained by borrowed employees. With such a waiver Advance could assure its customers that they would not be held liable for any injuries sustained by a borrowed employee. Allegedly such a "hold harmless clause" was contained in the certificates issued by Advance's previous carrier which were used to indicate the type of certificates Advance wanted Hartford to issue.

Prior to the time that Hartford's master policy was sent to Advance but subsequent to the payment of the premium, Hartford issued to certain Advance customers certificates of insurance containing the following typed language which had been added to the printed form:

"The Company hereby agrees to indemnify and hold harmless any individual, partnership or corporation who contracts to use the services of Advance Labor Services, Inc. and their Workmen's Compensation and Occupational Disease Insurors against any and all losses, costs and expenses arising out of claims brought under the provisions of the Workmen's Compensation Act or the Workmen's Occupational Diseases Act of the State of Illinois by employees who, at the time of an alleged accident or exposure to disease, were carried on the payroll of Advance Labor Services, Inc." (See Exhibit "B" of the Complaint)

Certificates containing such language were issued during the entire first policy year, February 15, 1969 to February 15, 1970. The policy actually issued to Advance by Hartford, a standard printed policy used for all employers regardless of the business they are engaged in, contained the following clause:

"12. Subrogation: In the event of any payment under this policy, the Company shall be subrogated to all rights of recovery therefor of the insured and any person entitled to the benefits of this policy against any person or organization, and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights. (See Exhibit "A" attached to the Complaint).

In early November, 1969, Hartford offered to insure Advance for a new policy year beginning February 15, 1970. Advance accepted the offer in December, 1969 by tendering $17,440.00 to Hartford.

In mid-January, 1970, Hartford sent letters to two Advance customers stating that the insurance company would no longer indemnify or hold them or their insurors harmless from workmen's compensation or occupational disease claims. From that date, Hartford has refused to issue certificates of insurance to Advance customers containing the previously-quoted indemnification provision.

Counts I, III, and IV of the Complaint allege a breach by Hartford of the insurance agreement and Illinois insurance law, in that Hartford failed to issue a "standard policy" as required by statute.

Alternatively, Count V of the Amended Complaint alleges wilful misrepresentation and deceptive trade practices by the defendant. In Count V the Plaintiff alleges that Hartford violated the following Illinois statutory provisions:

1. Ill.Rev.Stat. ch. 73 § 1030 which deals with unfair methods of competition and deceptive practices;

2. Ill.Rev.Stat. ch. 73 § 1065.1 and 1065.3 which mandate that insurance rates shall not be excessive, inadequate, or unfairly discriminate;

3. Ill.Rev.Stat. ch. 73 § 761 which deals with prohibited misrepresentation and defamation in the issuing of insurance policies; and

4. Ill.Rev.Stat. ch. 121½ § 312 and § 313 which prohibit acts constituting deceptive trade practices.

■■ Although federal courts are liberal in their pleading practices, it is still the rule that general conclusionary allegations unsupported by facts are insufficient to constitute a cause of action. See Jewell v. City of Covington, 425 F.2d 459 (5th Cir. 1970), cert. den. 400 U.S. 929, 91 S.Ct. 195, 27 L.Ed.2d 189

(1970); Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1959). Count V of the Complaint does not allege any facts showing that defendant violated any Illinois statute by wilfully engaging in unfair or deceptive trade practices.

The plaintiff has failed to cite the factual basis for the alleged violation of ch. 121½ § 312. While it is doubtful that this section is applicable to the purchase of insurance *per se*,[1] the basic and incontrovertible fact that Advance was assigned to Hartford by the State Industrial Commission which was pleaded previously is in direct opposition to any allegation that Advance was unfairly lured into doing business with Hartford.

The plaintiff has not alleged any factual basis to support its allegation that the defendant violated Ill.Rev.Stat. ch. 73 § 1065.1 and § 1065.3 in setting rates which were excessive, inadequate, or unfairly discriminatory. In fact, Hartford has submitted an affidavit to this Court for the purpose of demonstrating that it was losing money by insuring Advance.

The plaintiff has not set forth any facts in support of the allegation that defendant used unfair methods of competition or deceptive acts or practices, misrepresentations or defamations in violation of Ill.Rev.Stat. ch. 73 § 761 and § 1030. Again the basic underlying fact that the plaintiff was in the "assigned risk pool" and that it was assigned to Hartford by the Illinois Industrial Commission is in direct contradiction to the allegation that the defendant used unfair practices to entice the plaintiff into doing business with it.

The plaintiff has failed to plead a factual basis for the conclusory allegations of Count V, the thrust of which is that the plaintiff has wilfully used unfair and deceptive trade practices.

It is the opinion of this Court that the conclusory allegations in Count V of the complaint, unsupported by facts, are insufficient to constitute a cause of action.

Accordingly, it is hereby ordered that Count V of the Plaintiff's Complaint is dismissed.

---

1. See the Prefatory Illinois Notes written by Phillip W. Tone and Thomas L. Eovaldi to the Illinois version of the Uniform Deceptive Trade Practices Act, 1966 Revision, ch. 121½ § 311 et seq., Illinois Revised Statutes Annotated. The Commentators stated that the legislation was directed at two general areas: "(1) the area dealing with false, concealing or deceptive trade identification, and false, confusing or deceptive representations as to the *source or origin of goods;* and (2) acts dealing with trade secrets and confidential disclosures. (emphasis added) Neither the facts pleaded nor the sale of an insurance policy *per se* touch the two target areas of the Act.