Jerry B. LANN and Connie J. Lann, Plaintiffs,

v.

Carla HILL, Secretary of Housing and Urban Development, and Robert H. Breeden, Area Director Oklahoma City HUD Area Office, Defendants.

No. CIV–76–0684–D.

United States District Court,
W. D. Oklahoma.

March 15, 1977.

Order April 26, 1977.

Michael T. Braswell, Oklahoma City, Okl., for plaintiffs.

David L. Russell, U. S. Atty., by Richard F. Campbell, III, Asst. U. S. Atty., Oklahoma City, Okl., for defendants.

## ORDER OF DISMISSAL

DAUGHERTY, District Judge.

This is an action in which Plaintiffs seek recovery based on the alleged negligence of a Housing and Urban Development (HUD) inspector, an employee of the United States of America, in his appraisal of a home Plaintiffs purchased.[1] Plaintiffs assert that this Court has jurisdiction of the matter pursuant to 28 U.S.C. § 1346. Pursuant to Rule 12(b), Federal Rules of Civil Procedure, Defendants have filed a Motion to Dismiss. Said Motion is supported by a Brief and Plaintiffs have filed a Brief in opposition thereto.

In support of their Motion to Dismiss, the Defendants contend that this Court lacks jurisdiction over the subject matter of this action and that the Complaint herein fails to state a claim upon which relief can be granted. To the extent necessary, the Court will consider Defendants' contentions seriatim.

Defendants' contention that this Court lacks subject matter jurisdiction of this action is made pursuant to Rule 12(b)(1), *supra*. Defendants contend that Plaintiffs' Complaint, as amended, has not established that this Court has jurisdiction under the Tucker Act, 28 U.S.C. § 1346(a)(2), as Plaintiffs' allegations have not established the existence of an express or implied contract between the Plaintiffs and Defendants so

---

1. In Plaintiffs' Complaint (improperly designated as "Petition"), they allege that they entered into a contract to purchase a home; that the purchase was to be pursuant to an FHA loan; that pursuant to FHA requirements the prospective home was inspected and appraised by a HUD inspector; that said inspector determined that the home would be insurable by FHA after certain repairs to the premises were performed; that the inspector appraised the premises at $21,000; that Plaintiffs relied upon said appraisal figure and obtained a loan for such amount; that after purchasing the home Plaintiffs discovered the roof of said home was defective; and that the defective roof lessened the value of Plaintiffs' home.

as to bring the instant action within the Tucker Act. In Plaintiffs' Brief in opposition to the Motion to Dismiss they appear to contend that there was a contractual relationship between the parties so as to come within the Tucker Act and alternatively that there was a tortious act by a federal employee such as to enable Plaintiffs to make a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

At this stage in the proceedings, the Court is unable to determine with certainty which of the two aforementioned theories Plaintiffs desire to utilize. It would appear that Plaintiffs are seeking to proceed under either the Tucker Act, 28 U.S.C. § 1346(a)(2)[2] or the Federal Tort Claims Act, 28 U.S.C. § 1346(b).[3] It is not necessary for Plaintiffs to allege the particular law or theory under which recovery is sought. *Hail v. Heyman-Christiansen, Inc.*, 536 F.2d 908 (Tenth Cir. 1976); *Misco Leasing, Inc. v. Keller*, 490 F.2d 545 (Tenth Cir. 1974). Plaintiffs are entitled to state as many claims as they have regardless of inconsistencies. *Fredonia Broadcasting Corp. v. RCA Corp.*, 481 F.2d 781 (Fifth Cir. 1973). And Plaintiffs may plead in the alternative. Rule 8(e)(2), Federal Rules of Civil Procedure. Accordingly, the Court will determine if it has subject matter jurisdiction over either of the possible actions under which Plaintiff might proceed.

2. In Plaintiffs' Complaint, as amended, they state that "Jurisdiction of this Court is invoked pursuant to 28 USC Section 1346. This is a suit in contract and equity."

3. In their Complaint, as amended, Plaintiffs allege that they suffered damage as a "result of the negligence of the inspector". And, in their Brief in opposition to the Motion to Dismiss, Plaintiffs contend that the acts of the HUD inspector were "definitely a tortious act upon the Plaintiffs".

4. This Act provides in part:
 "The district courts shall have original jurisdiction . . . of . . . any . . . civil action or claim against the United States . . . ."
To litigate an action under the Tucker Act, it would be indispensable that the United States be made a party Defendant. See *Adler v. Brownell*, 100 U.S.App.D.C. 55, 242 F.2d 28 (1957).

5. This Act provides in part:

An initial examination of Plaintiffs' Complaint, as amended, indicates that Plaintiffs have failed to join the United States as a Defendant in the instant action. Both the Tucker Act[4] and the Federal Tort Claims Act[5] require that the United States be made a party Defendant. However, in view of the fact that Plaintiffs seek relief herein which would compel the United States, or an agency thereof to act, the Court will for the purposes of this Order look through the nominal parties Defendant named in this action and will treat the suit as one that is in fact "against the United States".[6]

The Court finds and concludes that it lacks jurisdiction to entertain this action should it be deemed to be made pursuant to 28 U.S.C. § 1346(b) of the Federal Tort Claims Act. The prerequisites to this Court having jurisdiction of an action under said Act are set out in 28 U.S.C. § 2675(a), which provides in part:

"Disposition by federal agency as prerequisite; evidence

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting

"[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . . ."
Only claims "against the United States" are included within the Federal Tort Claims Act jurisdiction. *Myers & Myers, Inc. v. United States Postal Service*, 527 F.2d 1252 (Second Cir. 1975); *Morris v. United States*, 521 F.2d 872 (Ninth Cir. 1975). See *Mullins v. First National Exchange Bank of Virginia*, 275 F.Supp. 712 (W.D.Va.1967); *Meyer Mfg. Co. v. Foley*, 234 F.Supp. 732 (S.D.Ia.1964).

6. The general rule is that a suit is against a sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act. *Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Hawaii v. Gordon*, 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963).

within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing* . . .." (emphasis added) The filing of an administrative claim is an absolute prerequisite to maintaining a civil action against the government for damages arising from a tortious occurrence due to the negligence of a federal employee. *Best Bearings Co. v. United States,* 463 F.2d 1177 (Seventh Cir. 1972). This Court lacks jurisdiction of an action brought pursuant to the Federal Tort Claims Act unless prior to the institution of the suit Plaintiffs have filed a claim with the appropriate Federal agency and said claim has been finally denied by that agency. *Three-M Enterprises, Inc. v. United States,* 548 F.2d 293 (Tenth Cir. 1977) (filed January 13, 1977); *Executive Jet Aviation, Inc. v. United States,* 507 F.2d 508 (Sixth Cir. 1974); *Mayo v. United States,* 407 F.Supp. 1352 (E.D.Va.1976); *Fallon v. United States,* 405 F.Supp. 1320 (D.Mont.1976); *Kornbluth v. Savannah,* 398 F.Supp. 1266 (E.D.N.Y.1975). The filing of a claim with the appropriate Federal agency and the disposition of the claim by that agency is a jurisdictional requirement to bringing a Federal tort claims action in this Court and such prerequisite cannot be waived. *Three-M Enterprises, Inc. v. United States, supra; Executive Jet Aviation, Inc. v. United States, supra; Best Bearings Co. v. United States, supra; Bialowas v. United States,* 443 F.2d 1047 (Third Cir. 1971). An action instituted in a Federal district court under the Federal Tort Claims Act must be dismissed where the Plaintiffs have not first filed an administrative claim as required by 28 U.S.C. § 2675(a). *Three-M Enterprises, Inc. v. United States, supra; Allen v. United States,* 517 F.2d 1328 (Sixth Cir. 1975); *Melo v. United States,* 505 F.2d 1026 (Eighth Cir. 1974); *Caton v. United States,* 495 F.2d 635 (Ninth Cir. 1974); *Best Bearings Co. v. United*

*States, supra; Bialowas v. United States, supra;* Annot., 13 A.L.R.Fed. 762 (1972).

In view of the foregoing, in order for Plaintiffs to seek recovery in this case from the United States in tort, it was essential for them to allege[7] the presentation of their claim to the appropriate federal agency and a final disposition of the claim by that agency. *Altman v. Connally,* 456 F.2d 1114 (Second Cir. 1972). In the instant case, Plaintiffs have failed to make such an allegation.

Accordingly, as the allegations contained in Plaintiffs' pleadings are insufficient to invoke the jurisdiction of this Court in an action brought pursuant to 28 U.S.C. § 1346(b), the Plaintiffs' Complaint, as amended, should be dismissed to the extent it seeks recovery under said section.

 Plaintiffs' alternative theory of recovery would appear to be pursuant to the Tucker Act, 28 U.S.C. § 1346(a)(2). Said Act provides in part:

"The district courts shall have original jurisdiction, . . . of . . . any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . . ."

In their Complaint, as amended, Plaintiffs state that the instant action is a "suit in contract and equity". In their prayer for relief, they seek to have this Court "direct HUD to furnish a totally new roof for [Plaintiffs'] premises". As it appears that Plaintiffs seek only equitable relief herein, their jurisdictional reliance upon 28 U.S.C. § 1346(a)(2) is misplaced. The Tucker Act authorizes actions for money damages and not suits for equitable relief. *Richardson v. Morris,* 409 U.S. 464, 93 S.Ct. 629, 34

---

7. Rule 8(a), Federal Rules of Civil Procedure, provides in part:

"A pleading which sets forth a claim for relief, . . . shall contain . . . a

short and plain statement of the grounds upon which the court's jurisdiction depends . . .."

L.Ed.2d 647 (1973). Thus, to the extent Plaintiffs' action seeks only equitable relief, this Court has no jurisdiction by reason of 28 U.S.C. § 1346(a)(2).

Moreover, the allegations in Plaintiffs' Complaint, as amended, fail to establish that this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1346(a)(2). Even a liberal interpretation of Plaintiffs' pleadings do not indicate that Plaintiffs are presenting a civil action or claim founded upon the Constitution, or any Act of Congress, or any regulation of an executive department, or any express or implied contract with the United States, or for liquidated or unliquidated damages. Although federal courts are liberal in their pleading practices, a general allegation of jurisdiction must be borne out by a well-pleaded claim. *Jewell v. City of Covington,* 425 F.2d 459 (Fifth Cir. 1970), cert. denied, 400 U.S. 929, 91 S.Ct. 195, 27 L.Ed.2d 189 (1970); *Advance Labor Labor Service, Inc. v. Hartford Accident & Indemnity Co.,* 353 F.Supp. 666 (N.D.Ill.1973).

Accordingly, as the Court apparently lacks jurisdiction of this matter as it relates to an action brought pursuant to 28 U.S.C. § 1346(a)(2), Plaintiffs' Complaint, as amended, relating to recovery under such Act should be dismissed.

In view of the foregoing, Defendants' Motion to Dismiss based on this Court's lack of jurisdiction over the subject matter should be sustained and Plaintiffs' Complaint, as amended, should be dismissed.

It is so ordered this 15 day of March, 1977.

## ORDER ON MOTION TO RECONSIDER

Plaintiffs have filed a Motion to Reconsider, To Amend, and Stay Appeal Time. In said Motion, Plaintiffs request that the Court reconsider its Order of Dismissal of Plaintiffs' Complaint; that Plaintiffs' pleadings be amended to include an exhibit [1] attached to the instant Motion and all information stated therein; and that the appeal time in this action be stayed until the disposition of these Motions.

An examination of the pleadings, motions and briefs filed in this case reveals that Plaintiffs apparently assert that the Court has jurisdiction of this action pursuant to either the Tucker Act, 28 U.S.C. § 1346(a)(2), or the Federal Tort Claims Act, 28 U.S.C. § 1346(b). In its Order of Dismissal, the Court concluded that it does not have jurisdiction over the instant action if said action is brought pursuant to the Tucker Act. Plaintiffs present no evidence or argument in the instant Motion to indicate that such a conclusion should be reconsidered. The Court in its Order of Dismissal also determined that it has no jurisdiction over Plaintiffs' claim in the event said claim is brought under the Federal Tort Claims Act for the reason that Plaintiffs have failed to exhaust administrative remedies prior to bringing this suit. In their Motion to Reconsider, Plaintiffs claim that they were told by an HUD official that

---

1. The exhibit attached to the instant Motion consists of a letter dated June 10, 1976 from the Oklahoma City area office of HUD and is addressed to Plaintiffs' counsel. It provides:

 "Dear Mr. Braswell:
 As a result of your recent visit, we retrieved our case binder from the Record Center, and the Chief Appraiser inspected the roof of the captioned property.
 The appraisal report dated October 17, 1975, did not indicate a roof problem nor require correction of a roof deficiency.
 The Chief Appraiser's inspection on May 6, 1976, revealed that aside from several missing shingles in the area of the garage, the shingles have curled down giving a melted appearance. Also, there appears to be three shingle layers. We are unable now to deter-

 mine what the roof may have looked like at the time of the appraisal seven months ago; however, a picture taken of the property on the appraisal date does not reveal roof deficiencies.
 Since existing properties are sold on an 'as is' basis except for repairs as stipulated in the sales contract and the Homebuyer's copy of the FHA Conditional Commitment specifies that the appraisal does not warrant the condition of the property, we therefore are unable to participate in cost of repairs at this time.
 Sincerely,
 /s/
 Billy J. Stephenson for Robert H. Breeden, Director".

they would not honor Plaintiffs' claim; that the official told Plaintiffs that there were no administrative remedies available to compensate them; that they were unable to discover any other administrative remedies; and that they therefore believed that there were no administrative remedies available.

Upon consideration of the instant Motion and reconsideration of its Order of Dismissal, the Court concludes that it was correct in determining that this Court lacks jurisdiction of the subject matter of Plaintiffs' action. The Federal Tort Claims Act, at 28 U.S.C. § 2675(a), provides in part:

"*Disposition by federal agency as prerequisite*; evidence

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ."

The filing of an administrative claim under the Federal Tort Claims Act is governed by Title 28 of the Code of Federal Regulations, Chapter 1, Part 14. 28 C.F.R. § 14.2 provides in part:

"*Administrative claim; when presented.*

"(a) [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property . . . alleged to have occurred by reason of the incident."

■ It is well settled that the United States, as sovereign, is immune from suit except as it consents to be sued and that the terms of its consent to be sued in any court define the court's jurisdiction to entertain the action. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed.

1058 (1940). The United States has consented to be sued for torts in the Federal Torts Claims Act. 28 U.S.C. § 1346(b). But as a prerequisite to suit under the Act, 28 U.S.C. § 2675(a) requires that the claim first be presented to the appropriate federal agency and be finally denied by the agency. This requirement is jurisdictional and cannot be waived. *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293 (Tenth Cir. 1977). Moreover, the procedures established pursuant to the Act must be strictly construed inasmuch as the Act constitutes a waiver of sovereign immunity. *Three-M Enterprises, Inc. v. United States, supra.*

In applying the above standard to the instant case, the Court determines that it lacks jurisdiction under the Federal Tort Claims Act. The letter attached to Plaintiffs' Motion to Reconsider does not indicate that Plaintiffs have filed the instant claim with the appropriate federal agency so as to comply with 28 C.F.R. § 14.2. Nor is there any other evidence before the Court to indicate that Plaintiffs have filed said claim with the appropriate federal agency. Accordingly, Plaintiffs' claim for damages under the Federal Tort Claims Act was properly dismissed and the Motion to Reconsider such action should be overruled.

■ Plaintiffs further request that the Court allow amendment of all documents thus filed to include the exhibit attached to Plaintiffs Motion (see footnote 1) and all information stated in the instant Motion. Plaintiffs are presumably proceeding under Rule 15(a), Federal Rules of Civil Procedure, which provides in part:

"*Amendments.* A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Defective allegations of jurisdiction may be amended. *Schlesinger v. Councilman*, 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975); 28 U.S.C. § 1653. Amendments of pleadings to establish jurisdiction may be made following dismissal of a complaint. *United Steelworkers of America, AFL–CIO v. Mesker Bros. Industries, Inc.*, 457 F.2d 91 (Eighth Cir. 1972). The trial court has discretion in the granting or the denial of leave to amend under Rule 15(a), *supra. Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Polin v. Dun & Bradstreet, Inc.*, 511 F.2d 875 (Tenth Cir. 1975).

In the instant case, the Court sees no reason to permit Plaintiffs to amend their pleadings in the manner requested. The proposed additions to the pleadings fail to correct the deficiencies in the jurisdictional allegations relating to Plaintiffs' claim; there is still no allegation of the presentation of a proper claim to the appropriate federal agency and the final disposition of said claim by that agency prior to the filing of the claim in this Court. From an examination of all that is now before the Court, to include the proposed additions to Plaintiffs' pleadings, the Court is still unable to conclude that it has jurisdiction over Plaintiffs' claim for damages pursuant to the Federal Tort Claims Act. The liberal amendment rules of Rule 15(a), *supra*, do not require that courts indulge in futile gestures. *Dell v. Heard*, 532 F.2d 1330 (Tenth Cir. 1976); *DeLoach v. Woodley*, 405 F.2d 496 (Fifth Cir. 1968). Where a Complaint, as amended, would be subject to dismissal, leave to amend need not be granted. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Bernstein v. National Liberty International Corp.*, 407 F.Supp. 709 (E.D.Pa.1976). In view of the foregoing, Plaintiffs' Motion to Amend should be overruled.

Plaintiffs have also filed herein a Motion to Stay Appeal Time. In said Motion, Plaintiffs request that the appeal time in this matter be stayed until disposition of the instant Motions. There is no need for the Court to determine this Motion to Stay.

The Order of Dismissal filed in this case on March 15, 1977 dismissed Plaintiff's Complaint, as amended, not Plaintiff's Action. An order dismissing a complaint is not an appealable order. *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033 (Tenth Cir. 1975); *Hanraty v. Ostertag*, 470 F.2d 1096 (Tenth Cir. 1972); *Smith v. Serna*, 367 F.2d 324 (Tenth Cir. 1966). Accordingly, Plaintiffs' Motion to Stay Appeal Time should be overruled.

In view of the foregoing, Plaintiffs' Motions to Reconsider, To Amend, and to Stay Appeal Time should each be overruled.

It is so ordered this 26th day of April, 1977.