**Rhoda GRIFFIN, Plaintiff,**

v.

**James Abraham LEE, Defendant.**

**Civ. A. No. 80–708–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

Nov. 24, 1980.

Eric O. Moody, Portsmouth, Va., for plaintiff.

James A. Metcalfe, Asst. U.S. Atty., Norfolk, Va., for defendant.

## ORDER

KELLAM, District Judge.

Plaintiff seeks to maintain this action for damages suffered by plaintiff as a result of a collision with a motor vehicle driven by James Abraham Lee, an employee of the United States Postal Service. The accident is alleged to have occurred on January 3, 1978, in the City of Suffolk, Virginia.

Plaintiff instituted this action in the Circuit Court of the City of Suffolk, Virginia. The United States removed it to this Court pursuant to 28 U.S.C. § 1446(e) because at the time of the accident Lee was acting within the scope of his employment as an employee of the United States Postal Service, and any remedy which plaintiff may have as a result of the alleged negligence of Lee is the exclusive remedy of a suit against the United States pursuant to 28 U.S.C. § 2679, and is removable as provided by 28 U.S.C. § 2679(d). In a petition for removal the United States Attorney certified that Lee was acting within the scope of his employment at the time of the accident in issue. Accordingly, the United States is substituted as the proper party defendant.

After removal the United States moved to dismiss. The Government's motion to dismiss is grounded in the allegation of lack of subject matter jurisdiction. The United States asserts that pursuant to the provisions of 28 U.S.C. § 2675, an action "shall not be instituted upon a claim against the United States for money damage for injury or loss of property or personal injury ... caused by the negligent or wrongful act or omission of an employee ... unless the claimant shall have first presented the claim to the appropriate Federal Agency and his claim shall have been finally denied ...." The statute further provides that a failure of the Agency to act within six months is deemed a final denial.

The United States asserts that no such claim has been filed; that the only notice of the claim prior to such was a letter from an attorney dated January 6, 1978, which did not constitute a claim or comply with the statute.

Compliance with the statute is a condition precedent to the filing of suit. Failure to allege that the claim has been filed with the Agency, and a failure so to do leaves the Court without jurisdiction. *Bellamy v. United States*, 448 F.Supp. 790 (D.C. Texas 1978); *Lann v. Hill*, 436 F.Supp. 463 (D.C.Okl.1977); *Magellsen v. Federal Deposit Ins. Corp.*, 341 F.Supp. 1031 (D.C.Mont.1972). *See also Altman v. Connally*, 456 F.2d 1114 (2d Cir. 1972). The filing of the administrative claim is jurisdictional and cannot be waived. *Kielwien v. United States*, 540 F.2d 676 (4th Cir. 1971); *Ducharme v. Merrill-National Laboratories*, 574 F.2d 1307 (5th Cir. 1978), *cert. denied*, 439 U.S. 1002, 99 S.Ct. 612, 58 L.Ed.2d 677; *Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971); *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508 (6th Cir.

1974).  It is provided in 28 U.S.C. § 2401(b) that unless the claim is presented in writing to the appropriate Federal Agency within two years of the date the claim accrues, such claim shall be forever barred.

The motion to dismiss, with supporting brief, was filed August 14, 1980.  On September 18th, the Clerk notified counsel for plaintiff that he was required by the local rules to file a responsive brief.  On November 18th, counsel were notified that pursuant to rules of court the matter was being referred to one of the Judges of this Court for a ruling on the motion.  In spite of the two notices, no response has been filed on behalf of plaintiff.

The administrative claim not having been filed, and the suit having been filed more than two years after the date on which the claim accrued, it is ORDERED that this action is DISMISSED with prejudice.