**John LAWSER, Plaintiff,**

v.

**POUDRE SCHOOL DISTRICT R–1 and Thomas Davis, Defendants.**

No. 01–BB–1777.

United States District Court, D. Colorado.

Nov. 9, 2001.

Timothy Lavern Goddard, Hasler, Fonfara & Maxwell, Fort Collins, CO, for plaintiff.

George H. Hass, Jeannine Sue Haag, Harden, Hass, Haag & Hallberg, PC, Fort Collins, CO, for defendants.

**ORDER**

BOLAND, United States Magistrate Judge.

This matter is before me on the plaintiff's **Motion to Remand,** filed October 9, 2001. Defendants oppose remand, and the issue is fully briefed. The Motion to Remand is DENIED.

The case originated in the District Court of Larimer County, Colorado, on August 16, 2001. Defendants filed a Notice of Removal on September 11, 2001. Subsequently, all parties consented to the exercise of jurisdiction by a United States Magistrate Judge, and District Judge Edward W. Nottingham issued an order of reference pursuant to 28 U.S.C. § 636(c) referring the case to a magistrate judge for disposition.

**FACTS**

On May 2, 1996, the plaintiff, a student at Fort Collins High School in Fort Collins, Colorado, attended a class taught by defendant Thomas Davis ("Davis"). According to the Complaint:

Davis expressed his opinion that America would be better served if it adopted a policy similar to the policy adopted in The People's Republic of China to limit individuals to one child per family.

Plaintiff disagreed with Defendant Davis' opinion due to Plaintiff's religious and moral beliefs, and requested permission to express his contrary opinion.

After obtaining permission to speak, Plaintiff expressed his view that the position advocated by Defendant Davis

was objectionable to him and other Christians on religious, moral and ethical grounds.

While Plaintiff was expressing his opinion, Defendant Davis approached the desk in which Plaintiff was sitting from behind. Positioning himself in back of Plaintiff, Defendant Davis then formed his hand into the shape of a pistol, placed the simulated pistol at the back of Plaintiff's head and simulated Plaintiff's execution. While simulating Plaintiff's execution, Defendant Davis stated to the class that this is what should be done to people with views similar to those of Plaintiff.

While simulating the execution of Plaintiff, Defendant Davis also struck Plaintiff in the back with his knee, which caused Plaintiff, who suffers from cystic fibrosis, to suffer a severe medical reaction.

Complaint, ¶¶ 10–14.

When the plaintiff's father learned of these events, he met with the principal of the high school. Again, according to the Complaint:

Brzeinski [the principal] dissuaded Plaintiff and his father from pursuing criminal or civil actions against Defendant Davis or [the school district] by promising Plaintiff that he, on behalf of [the school district], would take [certain] actions if Plaintiff agreed not to file suit or pursue criminal charges against Defendant Davis or [the school district] . . . .

Plaintiff agreed to accept Brzeinski's offer and refrained from filing a civil action against Defendant Davis or [the school district] or to pursue criminal charges against Defendant Davis, in direct reliance upon the offer. Brzeinski's offer and Plaintiff's acceptance of the offer .is hereinafter referred to as the "Settlement Agreement."

*Id.* at ¶¶ 22–23. The plaintiff also alleges that although the school district fulfilled some of the promises expressed in the settlement agreement, it did not perform them all. *Id.* at ¶¶ 24–27.

The Complaint states two claims for relief. The first claim asserts that the school district breached the alleged settlement agreement. The second claim, against Davis only, alleges in the alternative a violation of the plaintiff's Constitutional rights "if it is found that the Settlement Agreement is not enforceable against [the school district] or that the time period by which Plaintiff was required to file a claim alleging a violation of 42 U.S.C. § 1983 has not expired. . . ." *Id.* at ¶¶ 43 and 46.

The defendants removed the case to this court based on the § 1983 claim, asserting federal question jurisdiction as to that claim and supplemental jurisdiction over the contract claim. Notice of Removal, ¶ 7. The plaintiff has moved to remand, arguing:.

The Complaint shows that [the plaintiff] has asserted two separate claims against two Defendants. The first claim (breach of contract) is unquestionably a state law claim between a Colorado resident and a Colorado body corporate with a principal place of business in Colorado. If plead alone, this Court would not have jurisdiction over the case. The Civil Rights Claim, however, does raise a potential federal question over which this Court would have original jurisdiction. . . . There is an issue raised in this case, however, . . . whether the Court has original jurisdiction when the only federal law claim concerns a potential or contingent claim.

As plead in the Complaint, it cannot be said that [the plaintiff] could presently recover on the Civil Rights Claim. This is because he admits that he released his right to assert the Civil Rights Claim

when he entered into the settlement agreement with the School District. Only if that release is first set aside, by a finding that the settlement agreement is unenforceable, would [the plaintiff] then have right to assert the Civil Rights Claim. Therefore, it cannot be said that the Civil Rights Claim is ripe for review until there has first been a determination on the state law breach of contract claim.... The existence of the potential Civil Rights Claim does not satisfy the case or controversy requirement necessary to invoke the jurisdiction of the federal court.... For this reason, [the plaintiff] could not have filed his Complaint in federal court, and, accordingly, federal jurisdiction cannot lie to support the removal of the case.

Motion to Remand, ¶¶ 7–8.

## ANALYSIS

Removal of this case from state to federal court is controlled by 28 U.S.C. § 1441(a), (b), and (c), which provide:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of

the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

■■■ An action may be removed only if the plaintiff could have brought it originally in a federal court. *Frederick & Warinner v. Lundgren,* 962 F.Supp. 1580, 1582 (D.Kan.1997). The burden of establishing federal jurisdiction based on a federal question rests with the party seeking removal. *Meinders v. Refco Securities, Inc.,* 865 F.Supp. 721, 723 (D.Colo.1994). The Supreme Court has stated the test to be applied as follows:

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.

*Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)(internal citation omitted).

Plaintiff's second claim for relief, under 42 U.S.C. § 1983 and alleging a violation of the plaintiff's federal civil rights, obviously presents a question of federal law. Ordinarily, this would establish federal jurisdiction and removal would be proper.

■■■ In this case, however, the plaintiff argues that his § 1983 claim is not ripe for adjudication and does not present a case or controversy because that claim is contingent and only arises if the court first rejects his claim for breach of the alleged

settlement agreement. On this point—that an inconsistent claim pled in the alternative is not ripe or does not establish a judicially cognizable case or controversy—the plaintiff is wrong.

Rule 8(e)(2), Fed.R.Civ.P., specifically provides that a party may plead in the alternative, even where the alternative claims are inconsistent:

> A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

The plaintiff here is engaged in alternative pleading. *See* 5 Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1282 (2001 Pocket Part)(explaining that "[a]lternative and hypothetical pleading can be distinguished one from the other in that the former usually is drafted in terms of 'either-or' propositions, whereas the latter is formulated as 'if-then' allegations"). In particular, the thrust of the plaintiff's alternative claims is that either he had a settlement agreement with the school district which the school district breached by non-performance or, if there was no enforceable settlement, the plaintiff's Constitutional rights were violated. There is no requirement that the alternative theories be consistent. *Id.,* § 1283 at p. 532; *accord Blazer v. Black,* 196 F.2d 139, 144 (10th Cir.1952)(explaining that a party is "at liberty to state as many separate claims as he wishe[s], regardless of consistency, whether based upon legal or equita-

ble grounds or both"); *Clark v. Associates Commercial Corp.,* 149 F.R.D. 629, 634 (D.Kan.1993)(recognizing a party's right under Rule 8(e)(2) to plead alternative and inconsistent claims); *Lader v. Dahlberg,* 2 F.R.D. 49, 50 (S.D.N.Y.1941)(noting that the Federal Rules of Civil Procedure "contemplate a disposition of all issues between litigants in a single law suit," whether alleged in the alternative or hypothetically and whether or not consistent with one another). So, for example, "[c]ourts have permitted plaintiffs to sue on a contract and at the same time alternatively repudiate the agreement and seek recovery on a quantum meruit claim or allege fraud or some other tort theory." 5 Wright & Miller, § 1283 at pp. 535–37. And in *Lann v. Hill,* 436 F.Supp. 463, 465 (W.D.Okla. 1977), the court noted that when a party pleads alternative and inconsistent claims, "the Court will determine if it has subject matter jurisdiction over either of the possible actions under which Plaintiff might proceed."

The plaintiff's ripeness and case or controversy arguments are incompatible with the provisions of Fed.R.Civ.P. 8(e) and the jurisprudence applying it.

Because the plaintiff's second claim for relief, asserting Constitutional violations under 42 U.S.C. § 1983, indisputably arises under the Constitution, treaties, or laws of the United States, this action may be removed to this court under 28 U.S.C. § 1441(b). Based on the § 1983 claim alone, federal jurisdiction exists even though that claim is pled in the alternative and is inconsistent with the plaintiff's breach of contract claim. *Lann,* 436 F.Supp. at 465.

Keeping in mind matters of judicial economy, I will exercise my discretion and determine all issues asserted in the Complaint, including the claim for breach of contract which raises matters of purely

state law. 28 U.S.C. § 1441(c); *Lader*, 2 F.R.D. at 50.

Accordingly, IT IS ORDERED that the Motion to Remand is DENIED.