Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JOHN FOX,                                                      )                  No. 08-04-00113-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  327th District Court
)
THOMAS MAGUIRE, WILLIAM STERN,      )                  of El Paso County, Texas
TERRY WILLIAMS, and JOHN DOES,            )
                                                                             ) (TC# 2003-2008)
                                    Appellees.                        )

O P I N I O N

            John Fox appeals from an order granting the Appellees’ plea to the jurisdiction and
dismissing his suit with prejudice. Finding no error, we affirm.
FACTUAL SUMMARY
            Two related appeals arise out of the condemnation of an apartment building owned by John
Fox. Fox filed suit in cause number 2003-2008 (210th District Court) alleging that his civil rights
were violated by the City of El Paso employees


 who searched the apartment complex and removed
electric meters from it. In cause number 2003-4071 (205th District Court), Fox sued El Paso Mayor
Joe Wardy for violation of his civil rights alleging that he had constructive knowledge of the
unlawful acts committed by the other defendants. Fox also included allegations that City employees
Williams and McGuire had retaliated against him for filing suit in cause number 2003-2008. The
205th and 210th District Courts transferred the cases to the 327th District Court with the consent of
the judge of that court. Appellees filed a plea to the jurisdiction in both cases based on sovereign
immunity, official immunity, and qualified immunity. Following a hearing, the trial court granted
the plea to the jurisdiction in each case without specifying the exact basis for the ruling and
dismissed each suit with prejudice. Fox raises three issues on appeal.



THE TRANSFER ORDERS
            In Issue One, Fox contends that the transfer of the cases to the 327th District Court violated
local rule 3.02(C) because he did not receive notice prior to the transfers. Rule 3.02 of the El Paso 
County Local Rules governs the transfer of cases, docket exchange, and bench exchange. It
provides:
(A) After assignment to a particular court, every case, both jury and non-jury, shall
remain pending in such court until final disposition or transfer.
 
(B) Any case may be transferred to another court by order of the judge of the court
in which the case is pending with the consent of the judge of the court to which it is
transferred, or by order of the local administrative judge.
 
(C) Whenever any pending case is so related to another case pending in another
court, the judge of the court in which the earliest filed case is pending may, upon
motion (including the judge’s own motion) and notice, transfer the case to the court
in which the earlier case is filed to facilitate the orderly and efficient disposition of
the litigation. 

            The transfer orders were not entered pursuant to Local Rule 3.02(A) but were instead
transferred to the 327th District Court with the express consent of the judge of that court as permitted
by Local Rule 3.02(B). That subsection does not require prior notice to the parties. Accordingly,
Issue One is overruled.
CITY ATTORNEY
            In Issue Three, Fox contends that the trial court erred by denying his motion to disqualify the
City Attorney as counsel for Appellees. Fox filed a motion to disqualify the City Attorney’s Office
because he had not sued the City of El Paso. He did not request a hearing on the motion. Counsel
for Appellees offered to address the motion at the hearing on the plea to the jurisdiction, but Fox
declined because he was not prepared to argue the issue. The court considered only the pleas to the
jurisdiction and Fox never obtained a ruling on the motion to disqualify.
            In order to preserve a complaint for appellate review, the record must show that a party
presented his complaint to the trial court in a timely manner, and the trial court ruled on the matter
either expressly or implicitly. Tex.R.App.P. 33.1. Fox argues that the trial court implicitly denied
his motion to disqualify by granting the plea to the jurisdiction. We disagree. The trial court
expressly stated on the record that the motion to disqualify would not be heard and they would
proceed only on the plea to the jurisdiction. The court could not have implicitly denied a motion
which it expressly did not consider. Because Fox failed to obtain a ruling on his motion to
disqualify, the issue is not preserved for our review. Issue Three is overruled. 
FEDERAL JURISDICTIONAL STATUTE
            In Issue Two, Fox argues that the trial court erred in granting the plea to the jurisdiction
because jurisdiction was properly invoked under 28 U.S.C. § 1343. To establish subject matter
jurisdiction, a plaintiff must allege facts that affirmatively demonstrate the court’s jurisdiction to hear
the claim. Texas Association of Business v. Texas Air Control Board, 852 S.W.2d 440, 446 (Tex.
1993). A party may contest a trial court’s subject matter jurisdiction by filing a plea to the
jurisdiction. Travis County v. Pelzel & Assoc., Inc., 77 S.W.3d 246, 248 (Tex. 2002). We review
a trial court’s ruling on a plea to the jurisdiction de novo. Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998).
            Section 1343 grants federal courts original jurisdiction over claims for deprivation of civil
rights. 28 U.S.C. §1343(a). Because Section 1343 is a federal jurisdictional statute, it has no
application to Fox’s cases filed in state court and does not provide a basis for the trial court to
exercise jurisdiction. See Jewell v. Covington, 425 F.2d 459, 460 (5th Cir. 1970)(holding that
Section 1343 grants federal courts original jurisdiction over civil rights claims and does not create
any substantive rights).
            Appellees, who were sued in their official and individual capacities, asserted sovereign
immunity, official immunity, and qualified immunity.


 The trial court granted the plea to the
jurisdiction, but did not specify the precise basis for its ruling. Fox does not address the merits of
the immunity issues raised in the plea to the jurisdiction but instead maintains that a Section 1983
action can be brought in state court. We agree that a Section 1983 action can be brought in state
court, but the trial court did not rule otherwise. 
            An appellant must attack all independent grounds that fully support an adverse ruling. 
Britton v. Texas Department of Criminal Justice, 95 S.W.3d 676, 681 (Tex.App.--Houston [1st Dist.]
2002, no pet.); see Harris v. General Motors Corporation, 924 S.W.2d 187, 188 (Tex.App.--San
Antonio 1996, writ denied). If he fails to do so, then we must affirm. Britton, 95 S.W.3d at 681. 
Because Fox has not challenged any of the grounds alleged in the plea to the jurisdiction which
could, if meritorious, support the order granting the plea to the jurisdiction, we overrule Issue Two. 
See Britton, 95 S.W.3d at 676 (affirming order granting plea to the jurisdiction because appellant did
not challenge all grounds on which order could have been based). The judgment of the trial court
is affirmed.

July 28, 2005                                                               
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 5
Barajas, C.J., McClure, and Ables, JJ.
Ables, J. (sitting by assignment)