Bobby **CARDWELL**, Plaintiff,

v.

**SEARS ROEBUCK AND COMPANY,** Defendant.

Civ. A. No. 7:92–2916–20.

United States District Court, D. South Carolina, Spartanburg Division.

May 19, 1993.

---

J. Roger Poole, William McBee Smith, Spartanburg, SC, for plaintiff.

James B. Spears, Jr., Jacob J. Modla, Greenville, SC, for defendant.

## ORDER

HERLONG, District Judge.

The plaintiff, Bobby Cardwell ("Cardwell"), brought suit against the defendant, Sears Roebuck and Company ("Sears"), asserting four causes of action: (1) Wrongful termination; (2) defamation; (3) violation of The Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1961 *et seq.;* [1] and (4) conspiracy to violate RICO.[2]

The action is currently before the court on Sears' motion to dismiss Cardwell's RICO causes of action. Sears makes the motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Cardwell argues that Sears violated RICO by creating a sales program within its automotive service centers which required employees to take customers' money through false pretenses. Sears allegedly enforced this unlawful program by subjecting Cardwell and other automotive center managers to racketeering activities involving extortion and fraud.[3] Cardwell alleges that Sears engaged in fraudulent practices in order to sell

---

**1.** Specifically, Cardwell alleges that Sears violated 18 U.S.C. § 1962(a)–(c).

**2.** Specifically, Cardwell alleges Sears violated 18 U.S.C. § 1962(d).

**3.** RICO Case Statement p. 2.

unneeded automotive parts and services. To implement the scheme, he alleges that Sears adopted a program of quotas and commissions to force its employees to engage in the fraud. Cardwell maintains that Sears enforced this program through unlawful coercion and extortion. Furthermore, he contends that Sears used mail and wire fraud against its employees to convince them that the sales practices were lawful. When Cardwell refused to participate in the alleged fraud of Sears, he was fired.

In considering Sears' motion to dismiss, the court must accept the allegations in the complaint as true and construe them in the light most favorable to Cardwell. *See Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969); *Republican Party of North Carolina v. Martin,* 980 F.2d 943, 952 (4th Cir.1992).

To bring a RICO action, the plaintiff must be "injured in his business or property by reason of a violation of section 1962 . . . ." 18 U.S.C. § 1964(c). The Supreme Court has interpreted this language to require that the violation of RICO be the proximate cause of the injury. *Holmes v. Securities Investor Protection Corp.,* — U.S. —, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992). "[I]t is clear that a civil RICO complaint is vulnerable to a motion to dismiss if it fails to allege . . . an adequate causal nexus between that injury and the predicate acts of racketeering activity alleged." *Brandenburg v. Seidel,* 859 F.2d 1179, 1187 (4th Cir.1988) (citations omitted).

■ Cardwell's RICO causes of action must be dismissed because he cannot show that he was injured by acts constituting racketeering activity. Cardwell claims that the predicate acts of mail fraud, wire fraud, and extortion were directed towards him and caused him to lose compensation and eventually lose his job.[4] The alleged wire and mail fraud consisted of communications designed to persuade Sears employees that the sales practices were lawful. The alleged extortion consisted of forcing Cardwell to work over-

time without pay in order to satisfy the quotas and commissions program.

■ Cardwell presents no evidence that he relied upon, and therefore was injured by, the alleged mail and wire fraud. While it is not necessary to establish detrimental reliance in order for there to be a violation of the federal mail fraud statute, such reliance is required to establish injury to business or property under RICO. *Brandenburg,* 859 F.2d at 1188 n. 10. The facts Cardwell alleges conclusively demonstrate that he did not believe the information Sears promulgated about the lawfulness of its sales tactics. Cardwell knew that the sales scheme was illegal, and it was for this reason that he refused to participate in it. Cardwell could not have been harmed by false information which he did not believe. Therefore, there was no detrimental reliance upon fraud and no violation of RICO based upon the alleged fraud.

■ As for the racketeering activity of extortion, the court finds that Cardwell's claims are not sufficient to confer standing. Under RICO, violating either 18 U.S.C. § 1951 or state laws governing extortion constitutes racketeering activity. 18 U.S.C. § 1961(1). Cardwell cannot show such extortion. Under 18 U.S.C. § 1951, "extortion means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). Fear of economic harm can be the basis of extortion. *See U.S. v. Billups,* 692 F.2d 320, 330 (4th Cir.1982), *cert. denied,* 464 U.S. 820, 104 S.Ct. 84, 78 L.Ed.2d 93 (1983). Nevertheless, it strains reason and distorts the law to find extortion in this case. If facts such as the ones before the court constituted extortion, then normal employer-employee relationships would be fraught with extortion. The threat of being fired is forever present for the at-will employee. If Cardwell's expansive view of extortion were to prevail, then every time an employee—fearing termination if he fails to please his employer—does a task at his em-

---

4. At one point in his RICO statement, Cardwell alleges that blackmail was one of the predicate racketeering acts. He makes no other mention of blackmail in his pleadings and memoranda and provides no factual basis for the allegation. For this reason, the court will not consider it.

ployer's direction, the employer would be guilty of extortion. Requiring an employee to work overtime without pay may be wrong and perhaps even illegal, but it is not extortion.

Furthermore, even if Sears did target Cardwell with extortion, its ultimate purpose was to defraud its customers. In his pleadings, Cardwell repeatedly concedes that Sears committed the alleged extortion in an effort to enforce the illegal sales program which was intended "to obtain the property of consumers by false pretenses."[5] It was incidental to the fraud directed at the customers that Cardwell had to work overtime in order to meet the quotas. Without a direct relationship between the injury asserted and the illegal conduct alleged, there can be no RICO cause of action. *See Holmes v. Securities Investor Protection Corp.,* —— U.S. at ——, 112 S.Ct. at 1313.

■ It is the height of implausibility to believe that Sears' alleged racketeering activities were directed at Cardwell. When the facts are distilled to their essence, it is clear that Cardwell is alleging that he was fired for refusing to participate in Sears' alleged fraud against the public. Cardwell is attempting to cloak a wrongful termination complaint with the mantle of RICO. The court need not "accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986). It is the duty of this court to seek the truth from the facts forming the basis of the plaintiff's claims and not to be beguiled by the conclusory allegations of the pleadings. *Accord Haviland v. J. Aron & Co.,* 796 F.Supp. 95 (S.D.N.Y.), *aff'd* 986 F.2d 499 (2nd Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1945, 123 L.Ed.2d 650 (1993); *Giuffre v. Metropolitan Life Ins. Co.,* 129 F.R.D. 71 (S.D.N.Y.1989). Bald conclusions unsupported by the facts are insufficient to state a claim. *See, e.g., Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987); *Jewell v. City of Covington,* 425 F.2d 459, 460 (5th Cir.), *cert. denied,* 400 U.S. 929, 91 S.Ct. 195, 27 L.Ed.2d 189 (1970); *Duncan v. AT & T Communications, Inc.,* 668 F.Supp. 232, 234 (S.D.N.Y.1987).

"The majority of federal courts view the retaliatory discharge claims brought by employees terminated because of their refusal to participate in wrongful predicate offense conduct ... as not stating a RICO claim because the plaintiff is not injured by his employer's predicate criminal acts." David B. Smith and Terrance G. Reed, Civil RICO § 6.04[5][c][i] (1993). Employees who suffer pay cuts or job loss usually lack standing because their employer's racketeering activity is directed at non-employees, and the employees' injuries are merely by-products of the racketeering. *Id.* The court adopts this view. In light of the language of RICO and the cases interpreting it, Cardwell cannot maintain an action for wrongful termination due to his refusal to participate in his employer's alleged racketeering activities.

In looking beyond the legal conclusions of the allegations to their factual basis, this court takes the approach used by the United States District Court for the Southern District of New York in a similar case. In *Haviland v. J. Aron & Co.,* the plaintiff was employed by Goldman Sachs & Co. as vice president in Goldman's Energy Futures and Options Group. The defendant, J. Aron & Co. ("Aron"), was a partnership consisting of all the Goldman partners. When Aron entered into the energy market, a potential conflict of interests arose because the confidential information the plaintiff acquired from his clients was of great value to Aron. The plaintiff alleged that Aron defrauded him into believing that he could continue to work at Goldman Sachs & Co. without violating his professional ethics. In addition, the plaintiff claimed that Aron attempted to extort confidential client information from him. Because he refused to provide the information, the plaintiff was fired. The court in *Haviland* found that the plaintiff's

> RICO claims appear to have been drafted in a conscious attempt to plead around the holdings of the "refusal to cooperate" cases. While we are mindful of our obligation to assume the truth of [the plaintiff's] factual allegations on a motion to dismiss, we need not credit his legal con-

---

**5.** RICO Case Statement pp. 2, 3, and 5.

410

clusions or the labels he has selected for the predicate acts.

796 F.Supp. at 101. That court held that despite his "creative pleading," the plaintiff lacked standing under RICO. *Id.* at 102. Like the plaintiff in *Haviland,* Cardwell is attempting to distort his claims in an attempt to meet the strict requirements for standing under RICO.

Sears' allegedly unlawful sales activities were directed towards its customers in order to convince them to purchase unnecessary automotive parts and services. The sole credible interpretation of the facts forces the court to accept that the alleged extortion and coercion directed towards Cardwell could have been only for the purpose of promoting the unlawful sales practices. The program of quotas and commissions was established to encourage the alleged fraud. Cardwell's dismissal for refusing to participate in the alleged fraud was merely a by-product of any racketeering activity that may have occurred.

■ In order to have a civil claim under RICO for wrongful termination or any other injury, the plaintiff must prove that he was "injured in his business or property by reason of the alleged violation of section 1962." *Brandenburg,* at 1187 (quoting 18 U.S.C. § 1964(c)). The injury must be caused by the predicate acts or racketeering activity. *Id.* Sears' alleged fraud was directed at customers, not Cardwell. Thus, Cardwell's firing was not proximately caused by the alleged racketeering activity. Rather, it was an incidental result of that criminal activity. Because he was not injured by reason of the predicate acts, Cardwell cannot recover under RICO for his injuries. The relationship between Cardwell's harm and the predicate acts is far too tenuous and insignificant to confer standing.

For the reasons stated above, the defendant's motion to dismiss the plaintiff's RICO causes of action is hereby granted.

**IT IS SO ORDERED.**