Vito VITONE, Plaintiff,

v.

**METROPOLITAN LIFE INSURANCE COMPANY and John Does 1–5, Defendants.**

C.A. No. 95–0367L.

United States District Court,
D. Rhode Island.

Jan. 10, 1997.

John A. Tarantino, Adler, Pollock & Sheehan, Inc., Providence, RI, for Plaintiff.

Matthew F. Medeiros, Flanders & Medeiros, Providence, RI, Claire P. Gutekunst, Michael H. Roffer, David Goldblatt, Nancy Kilson, Allen I. Fagin, Proskauer, Rose, Goetz & Mendelsohn, New York City, for Defendants.

## MEMORANDUM AND ORDER

LAGUEUX, Chief Judge.

This matter is presently before the Court on a motion by plaintiff Vito Vitone ("Vitone") to reconsider the Court's Memorandum and Order dated October 17, 1996, published as *Vitone v. Metropolitan Life Ins. Co.*, 943 F.Supp. 192 (D.R.I.1996). In that decision, the Court granted a motion by defendant Metropolitan Life Insurance Company ("Metlife") to compel arbitration of this dispute pursuant to the written agreement of the parties. In addition, the Court dismissed plaintiff's federal and state civil RICO claims *sua sponte*, concluding that plaintiff lacked standing to bring those claims.[1]

Vitone now seeks reconsideration of the dismissal of his RICO claims. After hearing arguments of counsel, the Court took the matter under advisement. For the reasons articulated in the Court's prior opinion, plaintiff's motion is denied. The Court will supplement its earlier discussion with but a few comments.

As noted in the Court's prior decision, in order to prevail under the civil RICO statute, 18 U.S.C. § 1964(c), a plaintiff must establish the requisite causal link between the racketeering predicates and the asserted injury. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479,

---

1. Because the dismissal was *sua sponte*, the Court afforded plaintiff an opportunity to be heard on the RICO claims, inviting him to file a motion for reconsideration within twenty days of the decision.

496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). Because of this causation requirement, the First Circuit has consistently held that "a claim for wrongful discharge cannot be successfully pursued under civil RICO when the injury itself is not the result of a predicate act." *Miranda v. Ponce Federal Bank*, 948 F.2d 41, 47 (1st Cir.1991); *see also Willis v. Lipton*, 947 F.2d 998, 1000–01 (1st Cir.1991); *Nodine v. Textron, Inc.*, 819 F.2d 347, 348–49 (1st Cir.1987).

In an effort to distinguish his case from these precedents, Vitone has offered a more precise definition of both his injuries and the alleged predicate RICO offenses. Specifically, Vitone claims that he suffered injury separate from his termination when he passed up another job opportunity and accepted the position of Director of Overseas Operations at Metlife. Plaintiff charges that Metlife caused this injury in that he accepted the overseas position in reliance on alleged misrepresentations made to him by Metlife. In thus inducing his employment, Vitone claims that Metlife committed two predicate RICO offenses: (1) a state law larceny, for purposes of plaintiff's state RICO claim, in that Metlife obtained Vitone's services by false pretenses, and (2) mail fraud, for purposes of the federal RICO claim, since the misrepresentations reached Vitone through the mails.

■ The Court can dispose of plaintiff's state RICO claim in short order. In *State v. Smith*, 662 A.2d 1171 (R.I.1995), the Rhode Island Supreme Court determined that the theft of services, or the theft of the value of those services, is not a "larceny" under Rhode Island law. *Id.* at 1175–76. Thus, even accepting plaintiff's allegations as true, the taking of Vitone's services by false pretenses was not a larceny as that offense is defined under state law. Accordingly, because this conduct does not amount to "racketeering activity," it is an insufficient predicate for plaintiff's state law RICO claim.

■ Vitone's reliance on an allegation of mail fraud is similarly unproductive. The illegal scheme at issue in this case was the plan to defraud Metlife's policyholders.[2] Thus, a RICO claim based on the inducement of plaintiff's employment through misrepresentations rests on this syllogism: the mailings to Vitone were predicate acts in the scheme to defraud Metlife's customers, and Vitone was injured by these predicate acts of mail fraud. This syllogism breaks down on more than one ground; a failure that is fatal to Vitone's RICO claim.

The main flaw in plaintiff's argument is that the cited use of the mails does not amount to mail fraud. As the First Circuit has noted, "not every use of the mails or wires in furtherance of an unlawful scheme to deprive another of property constitutes mail or wire fraud." *McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc.*, 904 F.2d 786, 791 (1st Cir.), *cert. denied*, 498 U.S. 992, 111 S.Ct. 536, 112 L.Ed.2d 546 (1990). Vitone's employment has, at best, a minor and insignificant connection to Metlife's ultimate purpose of defrauding policyholders. In short, the Court cannot see how Metlife's inducement of Vitone's employment through the mails was "incident to an essential part of the scheme" to defraud Metlife policyholders. *See United States v. Altman*, 48 F.3d 96, 102–03 (2d Cir.1995); *McEvoy Travel*, 904 F.2d at 792 n. 10 (discussing "in furtherance" element of mail fraud statute). Because this challenged use of the mails was insufficiently related to the overall scheme, it cannot be in furtherance of it. In short, it did not amount to mail fraud, and thus it cannot serve as a predicate act on which Vitone can rely for RICO injuries.

Even if the Court were to find a sufficient relationship between the inducement of Vitone's employment and Metlife's overall scheme to defraud, the lack of proximate causation nevertheless would prevent recovery under the RICO statute. The fact remains that the primary and immediate

2. The alternative contention, that the entirety of Metlife's overseas operations was but a scheme to defraud Vitone of other employment opportunities, is utter nonsense. *Compare Cardwell v. Sears Roebuck and Co.*, 821 F.Supp. 406, 409 (D.S.C.1993) ("It is the height of implausibility to believe that Sears' alleged racketeering activities were directed at Cardwell."); *Haviland v. J. Aron & Co.*, 796 F.Supp. 95, 100–01 (S.D.N.Y.1992) (similar), *aff'd without opinion*, 986 F.2d 499 (2d Cir.1992), *cert. denied*, 507 U.S. 1051, 113 S.Ct. 1945, 123 L.Ed.2d 650 (1993).

RICO-related injuries in this case were those suffered by the Metlife policyholders, not Vitone. Any employment-related harm suffered by plaintiff was a remote and incidental by-product of the racketeering activities directed at the policyholders. The causal connection between the harm suffered by Vitone and the scheme to defraud is far too attenuated to confer RICO standing on this plaintiff. *See Willis v. Lipton,* 947 F.2d 998, 1000–02 (1st Cir.1991) (applying proximate cause analysis to deny employment-related RICO claims); *Cardwell v. Sears Roebuck and Co.,* 821 F.Supp. 406, 409–10 (D.S.C. 1993).[3]

Lastly, as the Court held in its prior decision, the other injuries cited by plaintiff do not confer RICO standing. Vitone has repeatedly stressed the fact that he became a scapegoat for what transpired in Metlife's overseas operations and has been subjected to lawsuits on account of that conduct—injuries that he claims are somehow separate and distinct from his termination. In response to this argument, the Court simply reiterates its conclusion that the direct cause of those injuries was the termination and Metlife's post-termination conduct. *See Burdick v. American Express Co.,* 865 F.2d 527, 529 (2d Cir.1989) (injuries "simply too remotely related to the predicate acts of mail and securities fraud to support a claim under RICO."). Since the First Circuit has rejected nearly identical claims for scapegoating and legal fees on this same causation ground, no further discussion of this issue is necessary. *See Willis,* 947 F.2d at 1001–02 (claim for damage to reputation and legal fees); *Pujol v. Shearson/American Express, Inc.,* 829 F.2d 1201, 1204–06 (1st Cir.1987) (claim for libel and slander).

For the reasons set forth here, as well as the reasons advanced in the Court's prior decision in this matter, the Court concludes that Vitone lacks standing to assert his RICO claims against Metlife. Accordingly,

plaintiff's motion for reconsideration is denied.

It is so ordered.

---

3. In *Cardwell,* an employee alleged that Sears had engaged in a scheme to defraud its customers, and that predicate acts of extortion and coercion were directed at the employee in furtherance of this overall scheme. Even on this fact pattern, the Court found that the harm to the employee was nonetheless too remote from the purpose of the overall scheme—defrauding the customers—to confer RICO standing. *See Cardwell,* 821 F.Supp. at 409–10.